**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| P.N.<br><br>                    Plaintiff,<br><br>         v.<br><br>FOREST TRAIL ACADEMY, LLC,<br>ATLANTIS LEADERSHIP ACADEMY,<br>LLC, RANDALL COOK, LISA COOK,<br>UNITED SECURE YOUTH TRANSPORT<br>AGENCY, LLC, JODI STEWMAN,<br>RANDY STEWMAN, and CORE<br>SOLUTIONS, LLC,<br><br>                    Defendants. | CIVIL ACTION NO. _____<br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff, P.N., by and through undersigned counsel sues Defendants Forest Trail Academy, LLC, Atlantis Leadership Academy, LLC, Randall Cook, Lisa Cook, United Secure Youth Transportation Agency, LLC, Jodi Stewman, Randy Stewman, and Core Solutions, LLC, and states as follows:

**NATURE OF THE CASE**

1.      This case involves the inhumane pervasive and systematic abuse of minor children, including P.N. at the hands of an alleged "youth treatment center."

2.      Atlantis Leadership Academy, LLC is a facility located in Treasure Beach, Jamaica, which tricked, manipulated, and misled parents and legal guardians, with the assistance of the other named Defendants herein, into sending their minor children to their facility where they then abused, assaulted, trafficked, and neglected these children.

1

3.     The minor children at Atlantis Leadership Academy, LLC, including minor P.N., experienced cruel, inhumane, and despicable abuse, which included but is not limited to: being water boarded, tortured, physically assaulted, punched, slapped, and beaten, were deprived of food and water, were isolated from their family, were subject to torment and psychological torture, and were trafficked by being subjected to forced manual labor and involuntary servitude.

4.     Further, Atlantis Leadership Academy, LLC (hereinafter "ALA"), neglected and failed to educate minor P.N., all of which caused serious physical harm, vocational impairment, and emotional and mental distress and other damages both economic and non-economic.

5.     Moreover, despite all Defendants named herein touting ALA as a youth treatment center/facility to help children "release anger and depression", no treatment was provided to the children generally nor to minor Plaintiff P.N., specifically.

## PARTIES, JURISDICTION, AND VENUE

## PLAINTIFF

6.     Plaintiff P.N. is an adult male whose name and address is not contained in this Complaint so as to protect his privacy and identity as he incurred injuries and damages of a sensitive nature, as a child, as a result of the negligent acts and failures of Defendants outlined below. Information which would or could identify P.N. is not contained herein. Plaintiff may be contacted through his counsel as outlined herein. P.N. is a citizen and resident of the State of California.

7.     Plaintiff P.N.. has sought leave of Court to proceed anonymously with his filing of his Motion for Leave to Proceed Anonymously and for a Protective Order pursuant to Federal Rule of Civil Procedure 26(c). That motion was filed concurrently with the filing of this Complaint.

2

8.      Plaintiff was a minor when he attended Atlantis Leadership Academy between approximately February 2020 and August 2021. While enrolled at ALA, Plaintiff was approximately fourteen (14) and sixteen (16) years old.  P.N. is currently nineteen (19) years old.

9.      At the time of the abuse described herein, ALA had care, custody, control, and guardianship over minor, P.N. When Plaintiff P.N. entered into the custody of the Defendants, he was a resident of the State of California.

10.      At all times material, ALA was the sole legal guardian of P.N., while he was in their care, custody, and control in Treasure Beach, Jamacia.

11.      At the time of the abuse described herein, ALA had an interest adverse to minor P.N. because they did not take his health, wellbeing, safety, and care as a priority and instead tortured, beat, abused, assaulted, trafficked and neglected P.N.

12.      At all times material, the statute of limitations is tolled pursuant to FS §95.051 during the pendency of the minority of P.N. because at all times of the abuse described herein, Defendants had care, custody, control, and guardianship over P.N. and had interests adverse to P.N.

13.      At all times material, at a minimum, pursuant to 18 U.S.C. §1595, the statute of limitations commences 10 years after P.N.'s involuntary forced labor commenced. In the alternative, pursuant to 18 U.S.C. § 18 U.S.C. § 2255(b) there is no time limit for bringing the instant action to redress P.N.'s forced labor claims.

## THE ATLANTIS DEFENDANTS

14.      Defendant ALA was and is a facility located in Treasure Beach, Jamacia, which housed minor male children and misled parents and guardians to believe that they provided

educational and therapeutic services for their minor children, fraudulently concealing what was actually happening as described above and below in this Complaint.

15.     ALA was and is a Delaware limited liability company whose registered agent resides at 1201 Orange Street Suite 600, One Commerce Center, Wilmington Delaware.

16.     At all times material, Defendant ALA was authorized to do and/or doing business within the jurisdiction of this court. At all times material, Defendant ALA recruited, advertised, marketed, and profited off Florida citizens.

17.     Defendant Randall Cook was and is the co-owner and co-founder of ALA and resides at 5310 Howard Lane, Nampa, ID 83687.

18.     At all times material, Defendant Randall Cook did business within the jurisdiction of this court. At all times material, Defendant Randall Cook recruited, advertised, marketed, and profited off Florida citizens and others throughout the United States, including Plaintiff P.N.

19.     Defendant Lisa Cook was and is the co-owner and co-founder of ALA and resides at 5310 Howard Lane, Nampa, ID 83687. She is the wife of Defendant Randall Cook.

20.     At all times material, Defendant, Lisa Cook did business within the jurisdiction of this court. At all times material, Defendant Lisa Cook recruited, advertised, marketed, and profited off Florida citizens and others throughout the United States, including Plaintiff P.N.

21.     This Court has personal jurisdiction over ALA, Randall Cook, and Lisa Cook pursuant to the Florida Statute §48.193 and the Due Process Clause of the Fourteenth Amendment to the United States Constitution, as ALA, Randall Cook, and Lisa Cook have established minimum contacts with the State of Florida such that the maintenance of this lawsuit does not offend traditional notions of fair play and substantial justice.

22.     Defendants ALA, Randall Cook, and Lisa Cook, have operated, conducted,

engaged in, and carried out a business and a business venture in Florida by partnering with a Florida company to obtain accreditation services, namely Defendant Forrest Trail Academy.

23.     These minimum contacts include but are not limited to, recruiting, advertising, profiting from, marketing, conducting regular business with and partnering with clients and businesses in Florida.

24.     Further, at all material times, Defendants ALA, Randall Cook, and Lisa Cook, entered into a partnership and contract with a Florida business, Defendant Forest Trail, to provide accreditation services to ALA.

25.     Defendants ALA, Randall Cook, and Lisa Cook have purposefully directed activities toward the State of Florida by partnering with and obtaining accreditation with Florida entities, recruiting, marketing, advertising, and profiting off of Florida clients, and these actions give rise to the claims asserted in this action.

26.     The claims asserted herein arise out of or relate to Defendants' contacts with the State of Florida, specifically the partnership between Defendants and Defendant Forest Trail Academy, which is the Florida entity from which ALA obtained accreditation through, among other things.

27.     The exercise of personal jurisdiction over Defendants is reasonable and comports with traditional notions of fair play and substantial justice, as Defendants have purposefully availed themselves of the privilege of conducting activities in the State of Florida.

28.     Defendants' contacts were substantial and not isolated activity within Florida.

29.     ALA, Randall Cook, and Lisa Cook are referred to collectively herein as "the Atlantis Defendants."

## FOREST TRAIL ACADEMY

30.     Defendant, Forest Trail Academy, LLC (hereinafter "Forest Trail"), is a Florida limited liability company whose principle address is 2101 Vista Parkway Suite 226, West Palm Beach FL 33411.

31.     At all times material, Forest Trail allegedly provided educational services to the minor children residing at Atlantis Leadership Academy.

32.     At all times material, ALA was accredited through Forest Trail.

33.     Forest Trail formed a partnership with ALA and entered into a contract to allegedly provide online education to the children residing at ALA, including minor-Plaintiff P.N.



34.     Forest Trail profited financially through this contract and partnership with ALA.

35.     At all times material, Defendant Forest Trail did business within the jurisdiction of this court. At all times material, Defendant Forest Trail recruited, advertised, marketed, and profited off Florida citizens and others throughout the United States, including Plaintiff P.N. and his parents. Defendant Forest Trail was and is located within the jurisdiction of this court and did

business throughout Florida, including in West Palm Beach where their principal address was located.

## THE TRANSPORTER DEFENDANTS

36.     Defendants Jodi Stewman and Randall Stewman (hereinafter "Defendants Stewmans") were and are "youth transport agents" who own and operate Defendant United Secure Youth Transport Agency, LLC (hereinafter "USYTA") and who were contracted to transport minor children, including Plaintiff P.N., from the United States to ALA in Jamaica. The Stewmans are husband and wife and reside at 1116 Majestic Drive, Washington, Utah 84780.

37.     At all times material, the Stewmans provided transportation services to minors, including P.N., from the United States to ALA, while either knowing or having reason to know that ALA was systematically abusing, neglecting, and/or trafficking children, including the children they transported, such as Plaintiff P.N.

38.     Defendant, United Secure Youth Transport Agency, LLC (hereinafter "USYTA") was and is a Nevada company whose registered agent resides at 590 West Mesquite Blvd, Suite 202A, Mesquite NV 89027.

39.     At all times material, Defendant USYTA provided transportation services to minors, including P.N., from the United States to ALA in Jamaica.

40.     Defendant USYTA holds itself out as specializing in transporting "struggling teens", "troubled youth", and "special needs" children to specialty boarding schools, wilderness programs, and military schools.[1]

---

[1] *See* USTYA Website "Home Page" (https://usyta.com/) (last visited October 31, 2024), attached hereto as Exhibit "F".

41.     At all times material Defendants Stewmans were employees, agents, and/or representatives of Defendant USYTA and was acting within the course and scope of their employment and agency with USYTA.

42.     Defendants Stewmans and USYTA formed a partnership with ALA and entered into a contract to allegedly provide youth transportation services to children enrolled at ALA, including Plaintiff P.N.

43.     Defendants Stewmans and USYTA profited financially through this contract and partnership with ALA.

44.     Defendant Stewmans and USYTA also formed a partnership with Defendant Forest Trail by providing youth transportation services to children enrolled at ALA, including Plaintiff P.N.

45.     Defendants Stewmans and USYTA profited financially through this contract and partnership with Defendant Forest Trail.

46.     Defendants Stewmans and USYTA misrepresented to parents and minor children, including Plaintiff P.N., that ALA was a safe place to send their children and that their needs would be met and cared for while providing therapeutic services to minor children, including Plaintiff, while concealing the fact that The Stewmans and USYTA knew otherwise.

47.     Defendants Stewmans and USYTA misrepresented to parents and minors, including Plaintiff P.N., that ALA was accredited through Forest Trail and thus was an upstanding education institution.

48.     Defendants Stewmans and USYTA knew or should have known that ALA and Forest Trail were not an accredited institution and should have warned Plaintiffs about this misrepresentation. Defendants Stewmans and USYTA knew or should have known that ALA and

Forest Trail were not providing educational services to their students and should have warned Plaintiff about this misrepresentation.

49.     At all times material, Defendants Stewmans and USYTA were authorized to do and/or doing business within the jurisdiction of this court. At all times material, Defendants Stewmans and USYTA recruited, advertised, marketed, and profited off Florida citizens and others throughout the United States, including Plaintiff P.N. Additionally, on prior occasions, Defendant Stewmans and USYTA transported minor children through Florida to Jamaica.

50.     This Court has personal jurisdiction over Defendants Stewmans and USYTA pursuant to the Florida Statute §48.193 and the Due Process Clause of the Fourteenth Amendment to the United States Constitution, as both The Stewmans and USYTA have established minimum contacts with the State of Florida such that the maintenance of this lawsuit does not offend traditional notions of fair play and substantial justice.

51.     Defendants Stewmans and USYTA operated, conducted, engaged in, and carried out a business and a business venture in Florida by partnering with a Florida company by providing transportation services through Florida, recruiting and promoting transportation services in Florida, partnering with ALA and Defendant Forest Trail to promote ALA as an accredited boarding school and education institution, and entering a venture with Defendants, including Florida entity Forest Trail, to profit from the transportation of children to ALA.

52.     These minimum contacts include but are not limited to, recruiting, advertising, profiting from, marketing, conducting regular business with and partnering with clients and businesses in Florida.

53.     The claims asserted herein arise out of or relate to Defendant's contacts with the State of Florida specifically the partnership between Defendant and Forest Trail which is the

Florida entity which them obtained accreditation through.

54.     The exercise of personal jurisdiction over Defendants is reasonable and comports with traditional notions of fair play and substantial justice, as Defendant has purposefully availed itself of the privilege of conducting activities in the State of Florida.

55.     Defendant's contacts are substantial and not an isolated activity within Florida.

56.     Jodi Stewman, Randall Stewman, and USYTA are referred to collectively herein as "the Transporter Defendants."

<u>**THE CONSULTANT DEFENDANTS**</u>

57.     Defendants Lisa Cook and Randall Cook also co-owned and co-managed Defendant Core Solutions, LLC ("hereinafter "Core Solutions") and used Core Solutions to manipulate P.N.'s parents, through material misrepresentation, into placing him at Atlantis Leadership Academy.

58.     At all times material, Defendants Lisa Cook and Randall Cook did business within the jurisdiction of this court. At all times material, Defendants Lisa Cook and Randall Cook recruited, advertised, marketed, and profited off Florida citizens.

59.     Defendant Core Solutions was and is a  limited liability company whose registered agent resides at 877 E. Posado Street, Ivins, UT.

60.     All times material Lisa Cook and Randall Cook were also employees, agents, and or/representatives of Defendant Core Solutions and were acting within the course and scope of their employment and agency with Core Solutions when soliciting children to enroll at ALA.

61.     Defendants Lisa Cook and Randall Cook utilized Core Solutions to refer children to directly to ALA, including Plaintiff P.N. In fact, Defendants Lisa Cook and Randall Cook held Core Solutions out as ALA's "admissions company."[2]

62.     Defendants Lisa Cook, Randall Cook, and Core Solutions formed a partnership with Forest Trail and misrepresented that ALA was an accredited institution which would provide educational services to minor children, including P.N.

63.     Defendants Lisa Cook, Randall Cook, and Core Solutions profited financially through this contract and partnership with ALA and Forest Trail.

64.     Defendants Lisa Cook, Randall Cook, and Core Solutions knew or should have known that ALA and Forest Trail was not an accredited institution and should have warned Plaintiff about this misrepresentation.

65.     Defendants Lisa Cook, Randall Cook, and Core Solutions knew or should have known that ALA and Forest Trail were not providing educational services to their students and should have warned Plaintiffs about this misrepresentation instead of actively promoting ALA as a healthy, safe, and necessary placement for children, including Plaintiff P.N.

66.     At all times material, Defendant Core Solutions, by and though its agents, apparent agents, employees, and/or independent contractors Lisa Cook and Randall Cook, was authorized to do and/or doing business within the jurisdiction of this court. At all times material, Defendant Core Solutions recruited, advertised, marketed, and profited off Florida citizens and others throughout the United States, including Plaintiff P.N.

67.     This Court has personal jurisdiction over Defendants  Lisa Cook, Randall Cook, and Core Solutions pursuant to the Florida Statute §48.193 and the Due Process Clause of the

---

[2] *See* Email from Lisa Cook to Plaintiff P.N.'s parents dated February 29, 2020, attached hereto as Exhibit "G".

Fourteenth Amendment to the United States Constitution, as  Lisa Cook, Randall Cook, and Core Solutions have established minimum contacts with the State of Florida such that the maintenance of this lawsuit does not offend traditional notions of fair play and substantial justice.

68.     Defendants Lisa Cook, Randall Cook, and Core Solutions operated, conducted, engaged in, and carried out a business and a business venture in Florida by partnering with a Florida company by providing placement care services in Florida, recruiting and promoting placement care services in Florida, partnering with ALA and Forest Trail to promote ALA as an accredited boarding school and education institution, and entering a venture with Defendants, including Florida entity Forest Trail, to profit from the placement of children at ALA.

69.     These minimum contacts include but are not limited to, recruiting, advertising, profiting from, marketing, conducting regular business with and partnering with clients and businesses in Florida.

70.     Defendants Lisa Cook, Randall Cook, and Core Solutions have purposefully directed activities toward the State of Florida by providing placement care services in Florida, recruiting and promoting placement care services in Florida, partnering with ALA and Forest Trail to promote ALA as an accredited boarding school and education institution, and entering a venture with Defendants, including Florida entity Forest Trail, to profit from the placement of children at ALA.

71.     The claims asserted herein arise out of or relate to Defendants' contacts with the State of Florida specifically the partnership between Defendants and Forest Trail which is the Florida entity which them obtained accreditation through.

72.     The exercise of personal jurisdiction over Defendants is reasonable and comports with traditional notions of fair play and substantial justice, as Defendants have purposefully

availed themselves of the privilege of conducting activities in the State of Florida.

73.     Defendants' contacts were substantial and not an isolated activity within Florida.

74.      Lisa Cook, Randall Cook, and Core Solutions are referred to collectively herein as "the Consultant Defendants."

## AS TO ALL DEFENDANTS

75.     At all times relevant herein, all Defendants were doing business in Florida, had their principal places of business located within the State of Florida, and/or were in a continuous and ongoing business relationship for profit with a Florida company.

76.     At all times relevant herein, Defendants purposefully directed business activities to and transacted business in the State of Florida and availed themselves to the jurisdiction of Florida.

77.     Students of ALA, including P.N., traveled through Florida to obtain access to the subject facility.

78.     The Transporter Defendants also traveled through Florida to transport minor P.N. to ALA.

79.     At all times material, Plaintiff P.N. was a minor child in the custody and care of Defendants.

80.     This Court has subject matter jurisdiction pursuant to 18 U.S.C. §1595, which provides the district courts of the United States jurisdiction over violations of 18 U.S.C. §1589.

81.     This Court has subject matter jurisdiction over this matter because this matter involves a federal question pursuant to 18 U.S.C. §1589.

82.      This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 in that all claims are so related within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

83.     This Court is "an appropriate district court of the United States" in accordance with 18 U.S.C. §1595 and 18 U.S.C. § 2255.

84.     This is an action which exceeds $75,000 (seventy-five thousand dollars), exclusive of costs and fees.

85.     Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391.

## **FACTUAL BACKGROUND**

86.     At all relevant times, Defendant ALA was allegedly—and held itself out as—an "affordable, structured Boarding Academy serving young men who possess strong leadership skills, though they've taken some wrong turns in their lives."[3]

87.     Defendant Randall Cook is and was, at all relevant times, the Owner and Director ALA and in that capacity, and in other capacities identified herein, exercised management and supervisory authority at ALA and over the children enrolled there, including minor Plaintiff P.N.

88.     Defendant, Lisa Cook is and was, at all relevant times, the co-owner of ALA and was responsible for marketing, advertising, and facilitating, managing, and coordinating business relationships between ALA and other entities including but not limited to Defendants Forest Trail, the Transporter Defendants, and the Consultant Defendants. Additionally, Defendant Lisa Cook communicated directly with parents to obtain financial payment for the services ALA purported to provide to their children. More specifically, Defendant Lisa Cook directly solicited and collected financial payments from Plaintiff P.N.'s parents for the services ALA purported to provide minor Plaintiff P.N.

---

[3]*See* Atlantis Leadership Academy Website, "Overview"  (https://www.atlantis.academy/overview) (captured March 28, 204), attached hereto as Exhibit "A".

89.     Defendant Forest Trail is and was, at all relevant times, an online education program which allegedly provided education services to the children located at ALA and further provided accreditation services to ALA.[4]

90.     Pursuant to ALA's "Atlantis at a Glance" Brochure, ALA promised the following: "Academics provided by Forest Trail Academy, a top ranked, fully accredited USA online school. (www.foresttrailacademy.com)"[5]

91.     But for the accreditation services Forest Trail provided to ALA, ALA could not have even held itself out as a "school" as it did not directly employ any teachers or educational staff nor did it develop or employ any educational curriculum for children enrolled at ALA. But for the accreditation services Forest Trail provided to ALA, Plaintiff P.N. would not have attended ALA.

92.     The Transporter Defendants and the Consultant Defendants worked in conjunction with the Atlantis Defendants to promote, advertise, recruit, transport, and mislead and profit from parents and guardians, such as Plaintiff P.N.'s parents, to send their children to ALA.

93.     In February 2024 the Jamaican Child Protection and Family Services Agency removed all of the children enrolled at ALA from the facility due to reports of abuse and neglect.

94.     At the time of this filing, there are criminal charges pending against multiple employees, agents, and staff members of ALA for the abuse and neglect of children in the care and custody of ALA. Defendant Randall Cook is currently a "person of interest" in the criminal investigation and prosecution of ALA staff members. Randall Cook allegedly fled the jurisdiction of Jamaican law enforcement authorities in April 2024 to escape prosecution.

---

[4] *See* Atlantis Leadership Academy Website, "Home Page" (https://www.atlantis.academy) (captured March 28, 2024), attached hereto as Exhibit "B"; *see also* Forest Trail Academy Brochure, attached hereto as Exhibit "C".
[5] *See* Atlantis Leadership Academy "At a Glance" Brochure, attached hereto as Exhibit "D".

95.     At all times material, the Atlantis Defendants, Forest Trail, the Transporter Defendants, and the Consultant Defendants had a duty to maintain close supervision for the safety, well-being, and security of the children enrolled at ALA and owed a duty to safely operate ALA.

96.     Defendants, collectively, promoted, recruited, marketed, and/or advertised ALA throughout the United States, including in Florida, in an effort to have parents and guardians, unaware of the atrocities that were being committed at ALA, send their children to ALA, which resulted in significant profits and financial gain to all Defendants.

97.     Defendant Forest Trail, the Atlantis Defendants, The Transporter Defendants, the Consultant Defendants and their respective employees and agents had obligations to act *in loco parentis* for the minor children, including Plaintiff P.N., in their care, custody, control, and guardianship.

98.     Pursuant to 18 U.S.C. § 1169, Defendants were all obligated and required to notify the Jamaican government, as well as the State of Florida, to report that minor children—including minor Plaintiff P.N.—had been or may have been abused or neglected, all of which occurred repeatedly and systematically, on repeated separate occasions, by separate staff members, employees, administrators, agents, and/or members of ALA and none of which was ever reported by Defendants.

99.     At all times relevant hereto, Defendants Forest Trail, the Atlantis Defendants, the Transporter Defendants, and the Consultant Defendants had a duty to the minor children in their care, custody, and control to maintain a safe and secure environment free from physical, educational, and emotional abuse, all of which occurred repeatedly and separately to Plaintiff P.N. on a countless number of instances.

100.     The Consultant Defendants and, specifically, Lisa Cook and Randall Cook through the course and scope of their work at Core Solutions, represented to Plaintiff P.N.'s parents that ALA was a safe, secure, educational, accredited, therapeutic environment that would meet all of minor Plaintiff P.N.'s needs. The Consultant Defendants warranted to that then-minor P.N. would not be harmed while at ALA and further represented that they has placed other children at ALA in the past. But for the actions of the Consultant Defendants in making such material misrepresentations, Plaintiff P.N.'s parents would not have known of ALA nor would P.N. have been enrolled there.

101.     Defendant USYTA, through its agents and employees, including Jodi Stewman and Randall Stewman, represented that ALA was a safe, secure, educational, accredited, therapeutic environment that would meet all of Plaintiff P.N.'s needs. The Transporter Defendants warranted that then-minor P.N. would not be harmed while at ALA and further represented that it was not only familiar with ALA but that the Transporter Defendants helped to transport other children to ALA in the past.

102.     Before and at the time the Consultant Defendants, the Atlantis Defendants, and the Transporter Defendants made such representations to Plaintiff, Defendant Forest Trail was providing accreditation services to ALA.

103.     Plaintiff P.N. relied upon the representations of the Consultant Defendants, the Atlantis Defendants, and the Transporter Defendants and the accreditation provided by Defendant Forest Trail to ALA and, as a result, then-minor Plaintiff P.N. was place in their care, custody, and guardianship.

104.     Plaintiff P.N.'s parents specifically chose ALA because of these representations and because of the accreditation through Forest Trail.

17

105. Before and at the time the Consultant Defendants, the Atlantis Defendants, and the Transporter Defendants knew or should have known that said accredited educational services were not being provided to the children at ALA.

106. Defendant Forest Trail, the Atlantis Defendants, the Transporter Defendants, and the Consultant Defendants made the above representations at a time when they knew of their falsity and made said representations to Plaintiff to induce reliance upon them.

107. Defendant Forest Trail, the Atlantis Defendants, the Transporter Defendants, and the Consultant Defendants made the above representations at a time when they were engaged in an ongoing and continuous business enterprise with one another which resulted in financial gain for each Defendant based upon inducing parents and guardians to send their children to ALA. The greater the number of children entrusted to ALA, the greater each Defendant's financial profit from the transportation and enrollment of said children.

108. The Transporter Defendants transported minor P.N. from his home in California, through North Carolina, to Jamaica in approximately February 2020.

109. During the time the Transporter Defendants transported Plaintiff P.N. to Jamaica, they represented to Plaintiff P.N. that: they were familiar with ALA; that they had taken children to ALA before; that it was a safe, secure, therapeutic, and educational environment where all of his needs would be met; that they personally knew Randall Cook; and that Randall Cook was a great man who would take care of Plaintiff P.N.

110. Plaintiff P.N. resided at ALA from approximately February 2020 until approximately August 2021.

111. While at ALA, Plaintiff P.N. suffered separate acts of abuse, assault, and neglect on  separate occasions, including, but not limited to, child abuse, child neglect, torture, cruel and

unusual punishment, nutritional neglect, educational neglect, trafficking through forced manual labor, deprivation of his basic needs, and other forms of abuse, assault, and neglect.

112.    Specifically, over the course of the above-referenced months when P.N. was enrolled as a student of Defendant Forest Trail and while attending ALA, the following acts were perpetrated upon P.N.:

a.  P.N. was beaten by staff and other children.

b.  P.N. was placed into control holds by ALA staff which caused him pain and discomfort and impacted his ability to not only move but breathe.

c.  P.N. was deprived of food and water, sometimes for days at a time.

d.  P.N. was deprived of nutrition.

e.  P.N. was deprived of a child's basic needs.

f.  P.N. was struck by ALA staff with sticks and switches.

g.  P.N. was made to kneel on tile and hold his arms up for hours on end, and was beaten if he lowered his arms at all.

h.  P.N. was assaulted once by ALA staff who poured paint thinner on his back, which seeped into his skin and burned him.

i.  P.N. was forced by ALA staff to be quarantined and isolated on multiple occasions inside "the box", which was a small structure consisting of a tile floor and thick plywood walls, for weeks at a time; P.N. was forced to lay still inside of the box with his hands at his sides—if P.N. moved at all, he was beaten by staff—and was given a bucket in which to urinate.

j.  P.N. was deprived of educational services.

k.  P.N. was threatened to be killed by ALA staff on a regular basis.

l.   P.N. was forced by ALA staff to endure daily strenuous physical exercise, including being forced to run for hours on end and lift and carry heavy objects without being provided any water—P.N. was made to do these "workouts" to the point of both physical and mental exhaustion—and while being beaten by staff for failure to keep pace.

m.  P.N. was arbitrarily punished by ALA and forced to complete "challenge days" which included having to fill washing basins with water and carry it hundreds of yards around the ALA property without dropping it, placing it down, or even spilling any water; if P.N. or one of the other ALA students helping him to complete this "challenge" dropped the bucket, P.N. was made to do push-ups as further punishment.

n.   P.N. was also punished by ALA staff and made to carry around a fifty (50) pound bucket of rice everywhere he went—P.N. had to do this for approximately two to three months straight.

o.   P.N. was forced to shovel sand into buckets and move them to another part of the facility/beach, with no food and water, and was not paid for this labor.

p.   P.N. was forced to clean ALA's facility, clean the beach, and clean the local sports club, with no food and water, and was not paid for this labor.

q.   P.N. was forced to empty out water in the facility's pool by hand with a bucket and then made to clean it in its entirety, with no food and water, no breaks, and without being paid for his labor.

r.   P.N. was forced to dig up and build a volleyball court on the ALA property, with no food and water, no breaks, and without being paid for his labor.

20

s.   P.N. suffered other acts of abuse and neglect.

113.   Plaintiff P.N. was repeatedly and routinely physically assaulted by the adult staff of ALA who hit, kicked, stomped, slapped, punched, strangled, held down and waterboarded by ALA staff members for actual or perceived violations of ALA's own policies and procedures for students.

114.   Minor P.N. was also threatened to be harmed and threatened to be killed by ALA staff members on a regular basis. In fact, Plaintiff P.N. and other children enrolled at ALA were threatened to be killed by ALA staff if they ever attempted to notify law enforcement of what was occurring at the facility.

115.   On more than one occasion ALA staff watched P.N. shower and was even once physically assaulted by an ALA staff member in the shower. This is also a form of sexual abuse and sexual humiliation of a minor child.

116.   Plaintiff P.N. was forced to record what can only be described as propaganda videos wherein ALA staff forced him, under the threat of additional abuse, assaults, neglect, and forced labor, to endorse ALA by discussing how wonderful ALA was, how well he was being treated at ALA, and how grateful he was to be enrolled at ALA. These videos were then utilized by the Atlantis Defendants to not only reassure and placate P.N.'s parents, but also to entice other parents and guardians to enroll their children at ALA.

117.   Minor Plaintiff P.N. was also trafficked  by ALA staff when he was subjected to forced manual labor, including but not limited to acts of landscaping and cleaning, on a regular basis, against his will through the use of force, fraud, and coercion and without receiving any compensation in return for said labor.

118. As a result of the abuse at ALA, minor Plaintiff P.N. suffers from permanent and significant physical, vocational, mental and emotional harm that will continue to impair and negatively impact him for the rest of his life.

119. The Atlantis Defendants created, taught, employed, and used aggressive and abusive policies at ALA including torture, waterboarding, deprivation of basic human rights, deprivation of water, and deprivation of food.

120. Defendant Forest Trail, the Atlantis Defendants, the Transporter Defendants, and the Consultant Defendants failed to adequately and/or sufficiently staff the subject facility, monitor the staff for the safety and security of the children enrolled and living at ALA, and ensure that the information they were providing and representations they were making to parents and guardians, including Plaintiff P.N.'s parents, regarding the adequacy/sufficiency of same were true/

121. Defendant Forest Trail, the Atlantis Defendants, the Transporter Defendants and the Consulting Defendants also failed to ensure that the information the promised to parents and Plaintiff P.N. about the services provided and the housing and accommodations for the children were true and accurate.

122. At all times relevant, Defendant Forest Trail, the Atlantis Defendants, The Transporter Defendants, and the Consultant Defendants breached their duty to exercise appropriate and safe dominion, control, oversight, guardianship, and proper management of ALA, thereby causing significant and permanent injury and damages to Plaintiff P.N.

123. The combined conduct of Defendant Forest Trail, the Atlantis Defendants, the Transporter Defendants, and the Consultant Defendants, through financial support, program design, marketing, advertising, promotion, transportation, lack of supervision, and acceptance of a culture of silence, secrecy, and concealment, combined with acts of cruelty, torture, and

punishment endangered the health, safety, and welfare of children residing at ALA, including Plaintiff P.N.

124.     Defendants' combined conduct in promoting ALA in charging tuition, without providing an education, enacting deficient educational program designs, negligent supervision, and a culture of silence and secrecy endangered the health, safety, and welfare of minor children at ALA, including minor P.N.

125.     Defendants had a continuous business relationship with each other which preyed on and defrauded parents, including Plaintiff P.N.'s parents, and caused the abuse of minor children, including minor P.N. In turn, the Defendants knowingly benefitted from their participation in ALA's venture by the continued promotion of Atlantis Leadership Academy and its brand.

126.     Defendants, using ALA's resources, engaged in a pattern and practice of recruiting, luring, enticing, obtaining, and exploiting underaged boys, and causing them through force, physical restraint, the threat of force and physical restraint, and coercion, to engage in forced labor and be subject to involuntary servitude and human trafficking at ALA.

127.     Defendants had actual knowledge of ALA's unlawful acts through their employees and agents, including but not limited to Jodi Stewman, Randall Stewman, Randall Cook, and Lisa Cook.

128.     Further, the Defendants knowingly aided and abetted, facilitated, and participated in ALA's illegal trafficking venture by being integrally involved in the recruitment of minor boys and the logistical steps necessary for ALA to recruit, lure, entice, obtain, and exploit underaged victims.

129.    Defendant Forest Trail, the Atlantis Defendants, the Transporter Defendants, and the Consultant Defendants intentionally used ALA's brand and resources to defraud, recruit, entice, and/or lure parents and legal guardians to enroll their minor children in ALA and give ALA custody of their minor children, where their minor children were then exploited and made to engage in forced labor and indentured servitude.

130.    Further, Defendant Forest Trail, the Atlantis Defendants, the Transporter Defendants, and the Consultant Defendants knowingly financed, profited from, and benefitted from and/or attempted to and/or conspired to benefit from ALA's human trafficking operation and the forced labor of minor children.

131.    Defendants' conduct, as outlined above, violates the Trafficking Victims Protection Reauthorization Act (hereinafter "TVPRA"), which outlaws persons from recruiting, enticing, obtaining, or luring a person and force or coerce that person into labor and/or involuntary servitude. Defendants are guilty of aiding and abetting each other in violations of the TVPRA by knowingly facilitating and enabling the illegal conduct of each other.

132.    Defendants also directly violated the TVPRA because they knowingly benefitted from participation in ALA's venture with knowledge, or in reckless disregard of the fact, that the Atlantis Defendants and their employees and/or agents used means of force, threats of force, fraud, and coercion to force children into involuntary servitude and forced labor.

133.    All Defendants aided, abetted, and concealed all of the abuse suffered by P.N. as detailed above.

134.    All Defendants fraudulently concealed the fact they committed tortious acts against minor Plaintiff P.N.

## COUNT I
## NEGLIGENCE
### *Plaintiff v. Defendant Forest Trail*

135.    Defendant Forest Trail owed a duty to exercise reasonable care to ensure the safety and protect the health and welfare of minor Plaintiff P.N. and provide a safe educational environment through its partnership with ALA.

136.    At all times material, Defendant Forest Trail owed a duty to act *in loco parentis* for the minor children, including minor Plaintiff P.N., in their care, custody, control, and guardianship as the entity responsible for educating children at ALA, including minor Plaintiff P.N.

137.    Defendant Forest Trial knew or should have known that there was a high probability that their conduct in partnering with ALA would cause physical injury, severe emotional distress, mental anguish, pain and suffering to minor P.N.

138.    Defendant Forest Trail negligently, carelessly, and recklessly breached their duties to act and use reasonable care to ensure the safety and protect the health and welfare of minor Plaintiff P.N. in that Defendant Forest Trail knew or should have known that minor Plaintiff P.N. was being subjected to child abuse, neglect, mistreatment, torture, and forced labor as described herein.

139.    Further, Defendant Forest Trail breached their duties by doing the following:

   a.   Negligently and carelessly failing to adopt and implement adequate policies and procedures to protect minor P.N. from the abuse described herein;

   b.   Failing to follow or institute basic policies concerning the safety and care of children at ALA, its accredited partner in education;

   c.   Failing to take reasonable steps to prevent or prohibit child abuse, child neglect, mistreatment, or torture at ALA, its accredited partner in education;

   d.   Failing to adopt, implement, enforce, or follow reasonable and adequate policies and procedures for the protection and supervision of minor children in the care and custody of ALA, its accredited partner in education;

e.  Permitting minor children, including minor Plaintiff P.N. to be physically and emotionally abused, neglected, and tortured;

f.  Permitting unfit staff, employees, and agents of ALA to exercise authority, care, supervision, guidance, and/or control over minor Plaintiff P.N. at the time he was physically and emotionally abused, neglected, and tortured;

g.  Permitting unfit staff, employees, and agents of ALA to engage in illegal conduct within the course and scope of their employment and/or agency with ALA while minor Plaintiff P.N. was enrolled as a student in Forest Trial's care and custody;

h.  Failing to properly and adequately supervise and discipline staff, employees, and/or agents to prevent the physical and emotional abuse, neglect, and torture that minor Plaintiff P.N. experienced at ALA;

i.  Failing to inform parents, guardians, or authorities of child abuse incidents at ALA;

j.  Failing to warn or otherwise make reasonable safe the environment and property which the Atlantis Defendants controlled, leading to the harm of minor Plaintiff P.N.;

k.  Failing to report known and/or suspected acts of child abuse and neglect to the Jamaican government, the State of Florida, and/or other governmental bodies, regulatory authorities, and human services authorities pursuant to 18 U.S.C. § 1169;

l.  Failing to report incidents of child abuse or neglect to appropriate human services authorities;

m.  Lying and deceiving authorities and regulatory agencies regarding the care and safety of the children at ALA;

n.  Obstructing investigations by authorities and regulatory agencies regarding the care and safety of the children at ALA;

o.  Failing to ensure that directors, teachers, leaders, mentors, staff, employees and other individuals having access to children at ALA had or received adequate training, experience and supervision to protect the children from harm which occurred as alleged herein;

p.  Failing to hire and/or supervise employees and others having access to minor children enrolled in Forest Trial's educational program at ALA, specifically, minor P.N.;

q.  Failing to conduct meaningful background checks and/or investigations when hiring its employees, agents and/or staff and, in fact, created a work force that

26

government authorities would be unable to locate in the event of an investigation and which investigations had occurred and were recurring;

r.  Failing to properly supervise and discipline its staff, employees, and/or agents who created an environment in which the abuse, neglect, and torture of minor Plaintiff P.N. was permitted to take place;

s.  Misleading parents and guardians to believe that ALA was a safe place to send their children;

t.  Falsely promoting ALA to be an allegedly safe and danger-free place to send their children;

u.  Falsely marketing ALA to be an allegedly safe and danger-free place to send their children;

v.  Recruiting parents and guardians to send their children to ALA despite knowing about the abuse and neglect occurring at the facility;

w.  Accrediting ALA as an educational institution with suitable standards;

x.  Partnering with ALA and holding ALA out as safe, secure, educational, and therapeutic environment for children, including minor Plaintiff P.N.;

y.  Assisting in the transportation of minor children to ALA despite knowing about the abuse and neglect regularly occurring at the facility;

z.  Entering into a business venture that Forest Trial knew was engaging in the trafficking of minor children, who were then subject to abuse, neglect, torture, and forced labor;

aa. Benefitting from a business venture that Forest Trial knew was engaging in the trafficking of minor children, who were then subject to abuse, neglect, torture, and forced labor;

bb. Failing to provide education services to children, including minor Plaintiff P.N.

cc. Failing to abide by the terms of its accreditation provided to ALA;

dd. Negligently managing and operating Forest Trail; and

ee. All other acts of negligence not currently known to Plaintiffs.

140.    As a direct and proximate result of the negligence of Defendant Forest Trail, P.N., a minor suffered severe bodily harm and emotional distress.

141.    As a direct and proximate result of the negligence of Defendant Forest Trial, minor Plaintiff P.N., was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor Plaintiff P.N., has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

142.    As a further direct and proximate result of the negligence of Defendant Forest Trail, minor Plaintiff P.N., has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

143.    As a direct and proximate result of the negligence of Defendant Forest Trail, Plaintiff has had to incur medical expenses for his care. These expenses occurred in the past and are expected to occur in the future.

144.    As a further direct and proximate result of the negligence of Defendant Forest Trail, minor Plaintiff P.N., has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff P.N. demands judgment against Defendant Forest Trail Academy, LLC, in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

## COUNT II
## NEGLIGENCE
### *Plaintiff v. The Atlantis Defendants*

145.     Defendants Atlantis Leadership Academy, LLC, Randall Cook, and Lisa Cook (the "Atlantis Defendants") owed a duty to exercise reasonable care to ensure the safety and protect the health and welfare of minor Plaintiff P.N. and provide a safe environment through the housing facilities and administration of Atlantis Leadership Academy ("ALA").

146.     At all times material the Atlantis Defendants owed a duty to act *in loco parentis* for the minor children, including Plaintiff P.N., in their care, custody, control, and guardianship.

147.     The Atlantis Defendants knew or should have known that there was a high probability that their conduct would cause physical injury, severe emotional distress, mental anguish, pain, and suffering to minor P.N.

148.     The Atlantis Defendants negligently, carelessly, and recklessly breached their duties to act and use reasonable care to ensure the safety and protect the health and welfare of minor P.N. in that Defendants knew or should have known that minor, P.N., was being subjected to child abuse, child neglect, mistreatment, and torture as described herein.

149.     Further, the Atlantis Defendants breached their duties by doing the following:

   a.   Negligently and carelessly failing to adopt and implement adequate policies and procedures to protect minor P.N. from the abuse described herein;

   b.   Failing to follow or institute basic policies concerning the safety and care of children at ALA;

   c.   Failing to take reasonable steps to prevent or prohibit child abuse, child neglect, mistreatment, or torture at ALA;

   d.   Failing to adopt, implement, enforce, or follow reasonable and adequate policies and procedures for the protection and supervision of minor children in the care and custody of ALA;

e.  Permitting minor children, including minor Plaintiff P.N. to be physically and emotionally abused, neglected, and tortured;

f.  Permitting unfit staff, employees, and agents of ALA to exercise authority, care, supervision, guidance, and/or control over minor Plaintiff P.N. at the time he was physically and emotionally abused, neglected, and tortured;

g.  Permitting unfit staff, employees, and agents of ALA to engage in illegal conduct within the course and scope of their employment and/or agency with ALA while minor Plaintiff P.N. was in the care and custody of the Atlantis Defendants;

h.  Failing to properly and adequately supervise and discipline ALA staff, employees, and/or agents to prevent the physical and emotional abuse, neglect, and torture that minor Plaintiff P.N. experienced;

i.  Failing to inform parents, guardians, or authorities of child abuse incidents at ALA;

j.  Failing to warn or otherwise make reasonable safe the environment and property which the Atlantis Defendants controlled, leading to the harm of minor Plaintiff P.N.;

k.  Failing to report known and/or suspected acts of child abuse and neglect to the Jamaican government, the State of Florida, and/or other governmental bodies, regulatory authorities, and human services authorities pursuant to 18 U.S.C. § 1169;

l.  Failing to report incidents of child abuse or neglect to appropriate human services authorities;

m.  Lying and deceiving authorities and regulatory agencies regarding the care and safety of the children at ALA;

n.  Obstructing investigations by authorities and regulatory agencies regarding the care and safety of the children at ALA;

o.  Failing to ensure that directors, teachers, leaders, mentors, staff, employees and other individuals having access to children at ALA had or received adequate training, experience and supervision to protect the children from harm which occurred as alleged herein;

p.  Failing to hire and/or supervise employees and others having access to minor children at ALA, specifically, minor P.N., by virtue of their employment and/or affiliation with ALA;

q.  Failing to conduct meaningful background checks and/or investigations when hiring its employees, agents and/or staff and, in fact, created a work force that

30

government authorities would be unable to locate in the event of an investigation and which investigations had occurred and were recurring;

r.  Failing to properly supervise and discipline its staff, employees, and/or agents who created an environment in which the abuse, neglect, and torture of minor Plaintiff P.N. was permitted to take place;

s.  Misleading parents and guardians to believe that ALA was a safe place to send their children;

t.  Falsely promoting ALA to be an allegedly safe and danger-free place to send their children;

u.  Falsely marketing ALA to be an allegedly safe and danger-free place to send their children;

v.  Recruiting parents and guardians to send their children to ALA despite knowing about the abuse and neglect occurring at the facility;

w.  Facilitating the transportation of minor children to ALA, despite knowing about the abuse and neglect regularly occurring at the facility;

x.  Assisting in the transportation of minor children to ALA despite knowing about the abuse and neglect regularly occurring at the facility;

y.  Entering into a business venture that the Atlantis Defendants knew was engaging in the trafficking of minor children, who were then subject to abuse, neglect, torture, and forced labor;

z.  Benefitting from a business venture that the Atlantis Defendants knew was engaging in the trafficking of minor children, who were then subject to abuse, neglect, torture, and forced labor;

aa. Failing to provide education services to children, including minor Plaintiff P.N.

bb. Failing to abide by the terms of its accreditation provided to ALA;

cc. Negligently managing and operating ALA; and

dd. All other acts of negligence not currently known to Plaintiffs.

150.    As a direct and proximate result of the negligence of the Atlantis Defendants, P.N., a minor suffered severe bodily harm and emotional distress.

151.     As a direct and proximate result of the negligence of the Atlantis Defendants, minor Plaintiff P.N., was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor Plaintiff P.N., has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

152.     As a further direct and proximate result of the negligence of the Atlantis Defendants, minor Plaintiff P.N., has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

153.     As a direct and proximate result of the negligence of the Atlantis Defendants, Plaintiff P.N. has had to incur medical expenses for his care. These expenses occurred in the past and are expected to occur in the future.

154.     As a further direct and proximate result of the negligence of the Atlantis Defendants, minor Plaintiff P.N., has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff P.N. demands judgment against Defendants Atlantis Leadership Academy, Randall Cook, and Lisa Cook in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

## COUNT III
### NEGLIGENCE
#### *Plaintiff v. The Transporter Defendants*

155.    Defendants Jodi Stewman, Randy Stewman, and United Secure Youth Transport Agency, LLC ("the Transporter Defendants") owed a duty to exercise reasonable care to ensure the safety and protect the health and welfare of minor Plaintiff P.N. when in its care, custody, control, and guardianship and not subject minor Plaintiff P.N. to physical and emotional abuse, neglect, and torture.

156.    At all times material, The Transporter Defendants owed a duty to act *in loco parentis* for the minor children, including Plaintiff P.N., in its care, custody, control, and guardianship.

157.    The Transporter Defendants knew or should have known that there was a high probability that its conduct in transporting minor Plaintiff to ALA would cause physical injury, severe emotional distress, mental anguish, pain and suffering to minor P.N.

158.    The Transporter Defendants negligently, carelessly, and recklessly breached its duty to act and use reasonable care to ensure the safety and protect the health and welfare of minor P.N. in that the Transporter Defendants knew or should have known that minor, P.N., would be subjected to child abuse, child neglect, mistreatment, and torture as described herein.

159.    Further, The Transporter Defendants breached its duties by doing the following:

a.    Negligently and carelessly failing to adopt and implement adequate policies and procedures to protect minor P.N. from the abuse described herein;

b.    Failing to follow or institute basic policies concerning the safety and care of children it transported to facilities such as ALA;

c.    Failing to take reasonable steps to prevent or prohibit child abuse, child neglect, mistreatment, or torture of children at ALA after knowing or having reason to know that such conduct was occurring at ALA;

d.  Failing to adopt, implement, enforce, or follow reasonable and adequate policies and procedures for the protection and supervision of minor children it was entrusted to transport to ALA, including minor Plaintiff P.N.;

e.  Permitting minor children, including minor Plaintiff P.N. to be physically and emotionally abused, neglected, and tortured at ALA;

f.  Permitting unfit staff, employees, and agents of the Transporter Defendants to exercise authority, care, supervision, guidance, and/or control over minor Plaintiff P.N. at a time when said staff, employees, and agents subjected minor Plaintiff P.N. to physical and emotional abuse, neglected, and torture;

g.  Permitting unfit staff, employees, and agents of the Transporter Defendants to engage in illegal conduct within the course and scope of their employment and/or agency with the Transporter Defendants while minor Plaintiff P.N. was in the care and custody of the Transporter Defendants;

h.  Failing to properly and adequately supervise and discipline the Transporter Defendants staff, employees, and/or agents to prevent the physical and emotional abuse, neglect, and torture that minor Plaintiff P.N. experienced;

i.  Failing to inform parents, guardians, or authorities of child abuse incidents at ALA;

j.  Failing to report known and/or suspected acts of child abuse and neglect to the Jamaican government, the State of Florida, and/or other governmental bodies, regulatory authorities, and human services authorities pursuant to 18 U.S.C. § 1169;

k.  Failing to report incidents of child abuse or neglect to appropriate human services authorities;

l.  Lying and deceiving authorities and regulatory agencies regarding the care and safety of the children at ALA;

m.  Obstructing investigations by authorities and regulatory agencies regarding the care and safety of the children at ALA;

n.  Failing to ensure that directors, teachers, leaders, mentors, staff, employees and other individuals having access to children at ALA were not subjecting the children the Transporter Defendants was entrusted to safely transport to abuse and neglect;

o.  Failing to hire and/or supervise employees and others having access to minor children at the Transporter Defendants, specifically, minor P.N., by virtue of their employment and/or affiliation with the Transporter Defendants;

p.  Failing to conduct meaningful background checks and/or investigations when hiring its employees, agents and/or staff and, in fact, created a work force that

34

government authorities would be unable to locate in the event of an investigation and which investigations had occurred and were recurring;

q. Failing to properly supervise and discipline its staff, employees, and/or agents whose actions facilitated the abuse, neglect, and torture of minor Plaintiff P.N.;

r. Misleading parents and guardians to believe that ALA was a safe place to send their children;

s. Falsely promoting ALA to be an allegedly safe and danger-free place to send their children;

t. Falsely marketing ALA to be an allegedly safe and danger-free place to send their children;

u. Recruiting parents and guardians to send their children to ALA despite knowing about the abuse and neglect occurring at the facility;

v. Facilitating the transportation of minor children to ALA, despite knowing about the abuse and neglect regularly occurring at the facility;

w. Assisting in the transportation of minor children to ALA despite knowing about the abuse and neglect regularly occurring at the facility;

x. Associating itself with ALA in a business venture that it knew was engaging in the trafficking of minor children, who were then subject to abuse, neglect, torture, and forced labor;

y. Benefitting from a business venture with ALA that it knew was engaging in the trafficking of minor children, who were then subject to abuse, neglect, torture, and forced labor;

z. Failing to provide education services to children, including minor Plaintiff P.N.

aa. Failing to abide by the terms of its accreditation provided to ALA;

bb. Negligently managing and operating its youth transportation business; and

cc. All other acts of negligence not currently known to Plaintiffs.

160.    As a direct and proximate result of the negligence of The Transporter Defendants,

P.N., a minor suffered severe bodily harm and emotional distress.

161.    As a direct and proximate result of the negligence of The Transporter Defendants, minor, P.N., was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor, P.N., has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

162.    As a further direct and proximate result of the negligence of The Transporter Defendants, minor, P.N., has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

163.    As a direct and proximate result of the negligence of The Transporter Defendants, Plaintiff P.N. has had to incur medical expenses for his care. These expenses occurred in the past and are expected to occur in the future.

164.    As a further direct and proximate result of the negligence of The Transporter Defendants, minor, P.N., has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff P.N. demands judgment against Defendants Jodi Stewman, Randy Stewman, and United Secure Youth Transport Agency, LLC, in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

## COUNT IV
## NEGLIGENCE
### *Plaintiff v. The Consultant Defendants*

165.     Defendants Lisa Cook, Randall Cook, and Core Solutions, LLC (the "Consultant Defendants") owed a duty to exercise reasonable care to ensure the safety and protect the health and welfare of minor Plaintiff P.N. when in their care, custody, control, and guardianship and when communicating to Plaintiff P.N.'s parents about same and to not subject minor Plaintiff P.N. to physical and emotional abuse, neglect, and torture.

166.     At all times material, the Consultant Defendants owed a duty to act *in loco parentis* for the minor children, including Plaintiff P.N., in its care, custody, control, and guardianship.

167.     The Consultant Defendants knew or should have known that there was a high probability that their conduct in recommending, vouching for, warranting, and representing to Plaintiffs that ALA was a safe, secure, educational and therapeutic environment for minor Plaintiff P.N. would ultimately cause physical injury, severe emotional distress, mental anguish, pain and suffering to minor P.N.

168.     The Consultant Defendants negligently, carelessly, and recklessly breached their duty to act and use reasonable care to ensure the safety and protect the health and welfare of minor P.N. in that the Consultant Defendants knew or should have known that minor, P.N., would be subjected to child abuse, child neglect, mistreatment, and torture as described herein.

169.     Further, the Consultant Defendants breached their duties by doing the following:

   a.   Negligently and carelessly failing to adopt and implement adequate policies and procedures to protect minor P.N. from the abuse described herein;

   b.   Failing to follow or institute basic policies concerning the safety and care of children it recommended be placed in facilities such as ALA;

c.  Failing to take reasonable steps to prevent or prohibit child abuse, child neglect, mistreatment, or torture of children at ALA after knowing or having reason to know that such conduct was occurring at ALA;

d.  Failing to adopt, implement, enforce, or follow reasonable and adequate policies and procedures for the protection and supervision of minor children it was entrusted to help place at facilities such as ALA, including minor Plaintiff P.N.;

e.  Permitting minor children, including minor Plaintiff P.N. to be physically and emotionally abused, neglected, and tortured at ALA;

f.  Permitting unfit staff, employees, and agents of Core Solutions, including Lisa Cook and Randall Cook, to exercise authority, care, supervision, guidance, and/or control over minor Plaintiff P.N. at a time when said staff, employees, and agents subjected minor Plaintiff P.N. to physical and emotional abuse, neglected, and torture;

g.  Permitting unfit staff, employees, and agents of Core Solutions, including Lisa Cook and Randall Cook, to engage in illegal conduct within the course and scope of their employment and/or agency with Core Solutions while minor Plaintiff P.N. was in the care and custody of Core Solutions, the Transporter Defendants and ALA;

h.  Failing to properly and adequately supervise and discipline Core Solutions staff, employees, and/or agents, including Lisa Cook and Randall Cook, to prevent the physical and emotional abuse, neglect, and torture that minor Plaintiff P.N. experienced;

i.  Failing to inform parents, guardians, or authorities of child abuse incidents at ALA;

j.  Failing to report known and/or suspected acts of child abuse and neglect to the Jamaican government, the State of Florida, and/or other governmental bodies, regulatory authorities, and human services authorities pursuant to 18 U.S.C. § 1169;

k.  Failing to report incidents of child abuse or neglect to appropriate human services authorities;

l.  Lying and deceiving authorities and regulatory agencies regarding the care and safety of the children at ALA;

m. Obstructing investigations by authorities and regulatory agencies regarding the care and safety of the children at ALA;

n.  Failing to ensure that directors, teachers, leaders, mentors, staff, employees and other individuals having access to children at ALA were not subjecting the children the Consultant Defendants were entrusted to safely place at facilities such as ALA;

o. Failing to hire and/or supervise employees and others having access to minor children at Core Solutions, specifically, minor P.N., by virtue of their employment and/or affiliation with Core Solutions;

p. Failing to conduct meaningful background checks and/or investigations when hiring its employees, agents and/or staff and, in fact, creating a work force that government authorities would be unable to locate in the event of an investigation and which investigations had occurred and were recurring;

q. Failing to properly supervise and discipline its staff, employees, and/or agents, including Lisa Cook and Randall Cook, whose actions facilitated the abuse, neglect, and torture of minor Plaintiff P.N.;

r. Misleading parents and guardians to believe that ALA was a safe place to send their children;

s. Falsely promoting ALA to be an allegedly safe and danger-free place to send their children;

t. Falsely marketing ALA to be an allegedly safe and danger-free place to send their children;

u. Recruiting parents and guardians to send their children to ALA despite knowing about the abuse and neglect occurring at the facility;

v. Facilitating the transportation of minor children to ALA, despite knowing about the abuse and neglect regularly occurring at the facility;

w. Assisting in the transportation of minor children to ALA despite knowing about the abuse and neglect regularly occurring at the facility;

x. Associating themselves with ALA in a business venture that they knew was engaging in the trafficking of minor children, who were then subject to abuse, neglect, torture, and forced labor;

y. Benefitting from a business venture with ALA that they knew was engaging in the trafficking of minor children, who were then subject to abuse, neglect, torture, and forced labor;

z. Failing to provide education services to children, including minor Plaintiff P.N.

aa. Failing to abide by the terms of its accreditation provided to ALA;

bb. Negligently managing and operating their youth placement consultation business; and

cc.  All other acts of negligence not currently known to Plaintiffs.

170.    As a direct and proximate result of the negligence of the Consultant Defendants, P.N., a minor suffered severe bodily harm and emotional distress.

171.    As a direct and proximate result of the negligence of the Consultant Defendants, minor Plaintiff P.N., was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor, P.N., has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

172.    As a further direct and proximate result of the negligence of the Consultant Defendants, minor Plaintiff P.N., has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

173.    As a direct and proximate result of the negligence of the Consultant Defendants, Plaintiff P.N. has had to incur medical expenses for his care. These expenses occurred in the past and are expected to occur in the future.

174.    As a further direct and proximate result of the negligence of the Consultant Defendants, minor Plaintiff P.N., has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff P.N. demands judgment against Lisa Cook, Randall Cook, and Core Solutions, LLC, in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in

excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

## COUNT V
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### *Plaintiff v. Defendant Forest Trail*

175.    Defendant Forest Trail owed a duty to exercise reasonable care to ensure the safety and protect the health and welfare of minor Plaintiff P.N. when in its care, custody, control, and guardianship and to not subject minor Plaintiff P.N. to physical and emotional abuse, neglect, and torture.

176.    At all times material, Defendant Forest Trial owed a duty to act *in loco parentis* for the minor children, including Plaintiff P.N., in its care, custody, control, and guardianship, as the entity responsible for educating children at ALA, including minor Plaintiff P.N.

177.    Defendant Forest Trial knew or should have known that there was a high probability that their conduct in partnering with ALA would cause physical injury, severe emotional distress, mental anguish, pain and suffering to minor P.N.

178.    Defendant Forest Trail negligently, carelessly, and recklessly breached their duties to act and use reasonable care to ensure the safety and protect the health and welfare of minor Plaintiff P.N. in that Defendant Forest Trail knew or should have known that minor Plaintiff P.N. was being subjected to child abuse, neglect, mistreatment, torture, and forced labor as described herein.

179.    The negligent acts and omissions of the Defendant Forest Trail caused serious emotional distress and injury to minor P.N.

180.     As a direct and proximate result of the negligence and psychological trauma caused by Defendant Forest Trial, P.N., a minor, suffered severe bodily harm, emotional distress, and physical manifestations of emotional distress.

181.     As a direct and proximate result of the negligence of Defendant Forest Trial, minor Plaintiff P.N., was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor Plaintiff P.N., has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

182.     As a further direct and proximate result of the negligence of Defendant Forest Trail minor Plaintiff P.N., has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

183.     As a direct and proximate result of the negligence of Defendant Forest Trail, Plaintiff P.N. has had to incur medical expenses for his care. These expenses occurred in the past and are expected to occur in the future.

184.     As a further direct and proximate result of the negligence of Defendant Forest Trail, minor Plaintiff P.N. has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff P.N. demands judgment against Defendant Forest Trail Academy, LLC, in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess

of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

<u>**COUNT VI**</u>
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
*Plaintiff v. The Atlantis Defendants*

185.    The Atlantis Defendants owed a duty to exercise reasonable care to ensure safety and protect the health and welfare of minor P.N. and provide a safe environment through the housing facilities and administration of ALA.

186.    The Atlantis Defendants breached that duty by not protecting P.N. from physical and mental abuse, neglect and maltreatment that he experienced while at ALA.

187.    The Atlantis Defendants knew or should have known that there was a high probability that their conduct would cause physical injury, severe emotional distress, mental anguish, and pain and suffering to minor P.N.

188.    The negligent acts and omissions of the Atlantis Defendants caused serious emotional distress and injury to minor P.N.

189.    As a direct and proximate result of the negligence and psychological trauma caused by the Atlantis Defendants, P.N., a minor suffered severe bodily harm, emotional distress, and physical manifestations of emotional distress.

190.    As a direct and proximate result of the negligence of the Atlantis Defendants, minor Plaintiff P.N., was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor, P.N., has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for

43

the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

191.    As a further direct and proximate result of the negligence of the Atlantis Defendants minor Plaintiff P.N., has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

192.    As a direct and proximate result of the negligence of the Atlantis Defendants, Plaintiff P.N. has had to incur medical expenses for his care. These expenses occurred in the past and are expected to occur in the future.

193.    As a further direct and proximate result of the negligence of the Atlantis Defendants, minor Plaintiff P.N. has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff P.N. demands judgment against Defendants Atlantis Leadership Academy, Randall Cook, and Lisa Cook in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

## <u>COUNT VII</u>
### **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
### *Plaintiff v. The Transporter Defendants*

194.    The Transporter Defendants owed a duty to exercise reasonable care to ensure the safety and protect the health and welfare of minor Plaintiff P.N. when in its care, custody, control, and guardianship and to not subject minor Plaintiff P.N. to physical and emotional abuse, neglect, and torture.

195.     At all times material, The Transporter Defendants owed a duty to act *in loco parentis* for the minor children, including Plaintiff P.N., in its care, custody, control, and guardianship.

196.     The Transporter Defendants knew or should have known that there was a high probability that its conduct in transporting minor Plaintiff to ALA would cause physical injury, severe emotional distress, mental anguish, pain and suffering to minor P.N.

197.     The Transporter Defendants negligently, carelessly, and recklessly breached its duty to act and use reasonable care to ensure the safety and protect the health and welfare of minor P.N. in that the Transporter Defendants knew or should have known that minor, P.N., would be subjected to child abuse, child neglect, mistreatment, and torture as described herein.

198.     The negligent acts and omissions of the Transporter Defendants caused serious emotional distress and injury to minor P.N.

199.     As a direct and proximate result of the negligence and psychological trauma caused by The Transporter Defendants, P.N., a minor suffered severe bodily harm, emotional distress, and physical manifestations of emotional distress.

200.     As a direct and proximate result of the negligence of The Transporter Defendants, minor Plaintiff P.N., was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor, P.N., has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

201.    As a further direct and proximate result of the negligence of The Transporter Defendants minor Plaintiff P.N., has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

202.    As a direct and proximate result of the negligence of The Transporter Defendants, Plaintiff P.N. has had to incur medical expenses for his care. These expenses occurred in the past and are expected to occur in the future.

203.    As a further direct and proximate result of the negligence of The Transporter Defendants, minor Plaintiff P.N. has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff P.N. demands judgment against Defendants Jodi Stewman, Randy Stewman, and United Secure Youth Transport Agency, LLC,  in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

<u>COUNT VIII</u>
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
***Plaintiff v. The Consultant Defendants***

204.    Defendants Lisa Cook, Randall Cook, and Core Solutions, LLC, (the "Consultant Defendants") owed a duty to exercise reasonable care to ensure the safety and protect the health and welfare of minor Plaintiff P.N. when in he was in their care, custody, control, and guardianship and when communicating to Plaintiff P.N.'s parents about same and to not subject minor Plaintiff P.N. to physical and emotional abuse, neglect, and torture.

205.   At all times material, the Consultant Defendants owed a duty to act *in loco parentis* for the minor children, including Plaintiff P.N., in its care, custody, control, and guardianship.

206.   The Consultant Defendants knew or should have known that there was a high probability that their conduct in recommending, vouching for, warranting, and representing to Plaintiffs that ALA was a safe, secure, educational and therapeutic environment for minor Plaintiff P.N. would ultimately cause physical injury, severe emotional distress, mental anguish, pain and suffering to minor P.N.

207.   The Consultant Defendants negligently, carelessly, and recklessly breached their duty to act and use reasonable care to ensure the safety and protect the health and welfare of minor P.N. in that the Consultant Defendants knew or should have known that minor, P.N., would be subjected to child abuse, child neglect, mistreatment, and torture as described herein.

208.   The negligent acts and omissions of the Consultant Defendants caused serious emotional distress and injury to minor P.N.

209.   As a direct and proximate result of the negligence and psychological trauma caused by the Consultant Defendants, P.N., a minor suffered severe bodily harm, emotional distress, and physical manifestations of emotional distress.

210.   As a direct and proximate result of the negligence of the Consultant Defendants, minor Plaintiff P.N., was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor, P.N., has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and

loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

211.    As a further direct and proximate result of the negligence of the Consultant Defendants, minor Plaintiff P.N., has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

212.    As a direct and proximate result of the negligence of the Consultant Defendants, Plaintiff P.N. has had to incur medical expenses for his care. These expenses occurred in the past and are expected to occur in the future.

213.    As a further direct and proximate result of the negligence of the Consultant Defendants, minor Plaintiff P.N. has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff P.N. demands judgment against Defendants Lisa Cook, Randall Cook, and Core Solutions, LLC, in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

<u>**COUNT IX**</u>
**VICARIOUS LIABILITY**
***Plaintiff v. Defendant Core Solutions***

214.    At all times material, Defendants Lisa Cook and Randall Cook were agents, apparent agents, employees and/or independent contractors of Defendant Core Solutions LLC.

215.    At all times material, Defendants Lisa Cook and Randall Cook, was acting in the course and scope of her employment with Defendant Core Solutions.

216.   At all times material, Defendant Core Solutions controlled the actions of Defendants Lisa Cook and Randall Cook and/or Defendants Lisa Cook and Randall Cook's actions were subject to the control of Defendant Core Solutions.

217.   Defendants Lisa Cook and Randall Cook engaged in negligent, harmful, offensive, and unlawful conduct which included misleading and misrepresenting material facts to Plaintiff P.N.'s parents regarding the safety, security, and ability of ALA to care for minor Plaintiff P.N. Lisa Cook and Randall Cook made such misrepresentations to Plaintiff P.N.'s parents while knowing or having reason to know of their falsity and the fact that Plaintiff P.N.'s parents would be induced to act and rely upon said misrepresentations. Said conduct was undertaken while Lisa Cook and Randall Cook, were employees and/or agents of Defendant Core Solutions, while in the course and scope of employment with Defendant, and/or was ratified by Defendant.

218.   Prior to or during the alleged above, Defendant Core Solutions knew, had reason to know, or was otherwise on notice of the unlawful conduct of Lisa Cook and Randall Cook, . Defendant Core Solutions failed to take reasonable steps and failed to implement reasonable safeguards to avoid harmful and unlawful conduct in the future by Lisa Coo and Randall Cook, including, but not limited to, preventing or avoiding placement of Lisa Cook and Randall Cook in functions or environments in which contact with vulnerable children was an inherent part of those functions or environments. Furthermore, at no time during the periods of time alleged did Defendant Core Solutions have in place a system or procedure to supervise and/or monitor employees, volunteers, representatives or agents to ensure they did not mislead, defraud, or unlawfully induce parents into sending their children to a facility, ALA, that was engaging in the abuse, neglect, torture, malnourishment, and trafficking of children.

219.    Defendant Core Solutions' knowing acquiescence and silence with respect to the known, or reasonably knowable, activities of Lisa Cook and Randall Cook constituted a course of conduct through which acts of child abuse, neglect, torture, malnourishment, and human trafficking were condoned, approved, and effectively authorized.

220.    Through its failure to timely reprimand and sanction the acts referenced herein, and for all of the other reasons set forth in this Complaint including, without limitation, its failure to take the steps necessary to prevent the occurrence of such reprehensible acts, Defendant Core Solutions ratified said actions and, accordingly, is vicariously liable for the negligence, actions, and inactions of Lisa Cook and Randall Cook

221.    As a direct and proximate result of the negligence and psychological trauma caused by Defendant Core Solutions, by and through Defendants Lisa Cook and Randall Cook, minor Plaintiff P.N., suffered severe bodily harm and emotional distress.

222.    As a direct and proximate result of the negligence of Defendant Core Solutions, by and through Defendants Lisa Cook and Randall Cook, minor Plaintiff P.N., was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor Plaintiff P.N., has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

223.    As a further direct and proximate result of the negligence of Defendant Core Solutions, by and through Defendants Lisa Cook and Randall Cook, minor Plaintiff P.N., has in

the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

224.     As a direct and proximate result of the negligence of Defendant Core Solutions by and through Defendants Lisa Cook and Randall Cook, Plaintiff P.N. has had to incur medical expenses for his care. These expenses occurred in the past and are expected to occur in the future.

225.     As a further direct and proximate result of the negligence of Defendant Core Solutions, by and through Defendants Lisa Cook and Randall Cook, minor Plaintiff P.N., has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff P.N. demands judgment against Defendant Core Solutions, LLC, in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

<u>COUNT X</u>
**VICARIOUS LIABILITY**
***Plaintiff v. Defendant ALA***

226.     At all times material, Defendants Randall Cook and Lisa Cook were agents, apparent agents, employees and/or independent contractors of Defendant ALA.

227.     At all times material, Defendants Randall Cook and Lisa Cook, were acting in the course and scope of their employment with Defendant ALA.

228.     At all times material, Defendant ALA controlled the actions of Defendants Randall Cook and Lisa Cook and/or Defendant Randall Cook and Lisa Cook's actions were subject to the control of Defendant ALA.

229.     Defendants Randall Cook and Lisa Cook engaged in negligent, harmful, offensive,

and unlawful conduct which included misleading and misrepresenting material facts to Plaintiff P.N. and Plaintiff P.N.'s parents regarding the safety, security, and ability of ALA to care for minor Plaintiff P.N. Randall Cook and Lisa Cook made such misrepresentations to Plaintiff P.N. and Plaintiff P.N.'s parents while knowing or having reason to know of their falsity and the fact that Plaintiff P.N. and Plaintiff P.N.'s parents would be induced to act and rely upon said misrepresentations. Said conduct was undertaken while Randall Cook and Lisa Cook were employees and/or agents of Defendant ALA, while in the course and scope of employment with Defendant ALA, and/or was ratified by Defendant ALA

230.    Prior to or during the alleged above, Defendant ALA knew, had reason to know, or was otherwise on notice of the unlawful conduct of Randall Cook and Lisa Cook. Defendant ALA failed to take reasonable steps and failed to implement reasonable safeguards to avoid harmful and unlawful conduct in the future by Randall Cook and Lisa Cook, including, but not limited to, preventing or avoiding placement of Randall Cook or Lisa Cook in functions or environments in which contact with vulnerable children was an inherent part of those functions or environments. Furthermore, at no time during the periods of time alleged did Defendant ALA have in place a system or procedure to supervise and/or monitor employees, volunteers, representatives or agents to ensure they did not mislead, defraud, or unlawfully induce parents into sending their children to a facility, ALA, that was engaging in the abuse, neglect, torture, malnourishment, and trafficking of children.

231.    Defendant ALA's knowing acquiescence and silence with respect to the known, or reasonably knowable, activities of Randall Cook and Lisa Cook constituted a course of conduct through which acts of child abuse, neglect, torture, malnourishment, and human trafficking were condoned, approved, and effectively authorized.

232.     Through its failure to timely reprimand and sanction the acts referenced herein, and for all of the other reasons set forth in this Complaint including, without limitation, its failure to take the steps necessary to prevent the occurrence of such reprehensible acts, Defendant ALA ratified said actions and, accordingly, is vicariously liable for the negligence, actions, and inactions of Randall Cook and Lisa Cook.

233.     As a direct and proximate result of the negligence and psychological trauma caused by Defendant ALA, by and through Defendants Randall Cook and Lisa Cook, minor Plaintiff P.N., suffered severe bodily harm and emotional distress.

234.     As a direct and proximate result of the negligence of Defendant ALA, by and through Defendants Randall Cook and Lisa Cook, minor Plaintiff P.N., was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor Plaintiff P.N., has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

235.     As a further direct and proximate result of the negligence of Defendant ALA, by and through Defendants Randall Cook and Lisa Cook, minor Plaintiff P.N., has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

236.     As a direct and proximate result of the negligence of Defendant ALA by and through Defendants Randall Cook and Lisa Cook, Plaintiff P.N. has had to incur medical expenses

for his care. These expenses occurred in the past and are expected to occur in the future.

237.     As a further direct and proximate result of the negligence of Defendant ALA, by and through Defendant Randall Cook and Lisa Cook, minor Plaintiff P.N., has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff P.N. demands judgment against Defendant Atlantis Leadership Academy, LLC, in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

<u>**COUNT XI**</u>
**VICARIOUS LIABILITY**
***Plaintiff v. Defendant USYTA***

238.     At all times material, the Transporter Defendants retained agents, apparent agents, employees and/or independent contractors, including Defendants Stewmans, who provided transportation services to minors, including P.N.

239.     At all times material, these agents, apparent agents, employees and/or independent contractors, including Defendants Stewmans, were acting in the course and scope of their employment with The Transporter Defendants.

240.     At all times material, Defendant, the Transporter Defendants controlled the actions of their agents, apparent agents, employees and/or independent contractors and/or their agents, apparent agents, employees and/or independent contractors actions were subject to the control of the Transporter Defendants.

241.     The Transporter Defendants' agents, apparent agents, employees and/or independent contractors, including Defendants Stewmans, engaged in negligent, harmful, offensive, and unlawful conduct which included misleading and misrepresenting material facts to

Plaintiff P.N. and Plaintiff P.N.'s parents regarding the safety, security, and ability of the Transporter Defendants to care for minor Plaintiff P.N. Their agents, apparent agents, employees and/or independent contractors made such misrepresentations to Plaintiff P.N. and Plaintiff P.N.'s parents while knowing or having reason to know of their falsity and the fact that Plaintiff P.N. and Plaintiff P.N.'s parents would be induced to act and rely upon said misrepresentations. Said conduct was undertaken while said agents, apparent agents, employees and/or independent contractors were  in the course and scope of employment with Defendant, and/or was ratified by Defendant.

242.     Prior to or during the alleged above, The Transporter Defendants knew, had reason to know, or was otherwise on notice of the unlawful conduct of said agents, apparent agents, employees and/or independent contractors. The Transporter Defendants failed to take reasonable steps and failed to implement reasonable safeguards to avoid harmful and unlawful conduct in the future by said agents, apparent agents, employees and/or independent contractors, including, but not limited to, preventing or avoiding placement of said agents, apparent agents, employees and/or independent contractors in functions or environments in which contact with vulnerable children was an inherent part of those functions or environments. Furthermore, at no time during the periods of time alleged did The Transporter Defendants have in place a system or procedure to supervise and/or monitor employees, volunteers, representatives or agents to ensure they did not mislead, defraud, or unlawfully induce parents into sending their children to a facility, the Transporter Defendants, that was engaging in the abuse, neglect, torture, malnourishment, and trafficking of children.

243.     The Transporter Defendants' knowing acquiescence and silence with respect to the known, or reasonably knowable, activities of said agents, apparent agents, employees and/or

independent contractors constituted a course of conduct through which acts of child abuse, neglect, torture, malnourishment, and human trafficking were condoned, approved, and effectively authorized.

244.    Through its failure to timely reprimand and sanction the acts referenced herein, and for all of the other reasons set forth in this Complaint including, without limitation, its failure to take the steps necessary to prevent the occurrence of such reprehensible acts, The Transporter Defendants ratified said actions and, accordingly, is vicariously liable for the negligence, actions, and inactions of their agents, apparent agents, employees and/or independent contractors

245.    As a direct and proximate result of the negligence and psychological trauma caused by The Transporter Defendants, by and through their agents, apparent agents, employees and/or independent contractors, minor Plaintiff P.N., suffered severe bodily harm and emotional distress.

246.    As a direct and proximate result of the negligence of The Transporter Defendants, by and through their agents, apparent agents, employees and/or independent contractors, minor Plaintiff P.N., was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor Plaintiff P.N., has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

247.    As a further direct and proximate result of the negligence of The Transporter Defendants, by and through their agents, apparent agents, employees and/or independent contractors, minor Plaintiff P.N., has in the past undergone and will in the future undergo medical

care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

248.    As a direct and proximate result of the negligence of The Transporter Defendants by and through their agents, apparent agents, employees and/or independent contractors, Plaintiff P.N. has had to incur medical expenses for his care. These expenses occurred in the past and are expected to occur in the future.

249.    As a further direct and proximate result of the negligence of The Transporter Defendants, by and through their agents, apparent agents, employees and/or independent contractors, minor Plaintiff P.N., has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff P.N. demands judgment against Defendant United Secure Youth Transport Agency, LLC, in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

<u>**COUNT XII**</u>
**CIVIL CONSPIRACY**
***Plaintiff v. All Defendants***

250.    At all times material herein, Defendants Atlantis Leadership Academy, Randall Cook, Lisa Cook, Forest Trail Academy, Jodi Stewman, Randy Stewman, USYTA, Lisa Cook, Randall Cook, Core Solutions, and other entities and individuals formed an association to carry out a single business enterprise, for profit, to combine their property, money, efforts, skill, employees, resources, and knowledge. Defendants are vicariously liable for the negligent and tortious acts of each other and their co-conspirators.

251.    Defendants and their co-conspirators engaged in a civil conspiracy to protect: their common financial interests; their wrongful activities while promoting, advertising, marketing, transporting, managing, controlling, profiting from and/or operating a youth boarding school requiring licensure from state agencies; their financial interest in tuition, gifts, donations, grants, loans and other forms of monetary or financial benefit; and other benefits to themselves, including gaining access to children for abuse purposes.

252.    Defendants and their co-conspirators conspired with one another from at least 2016 through at least February 2024, when ALA was investigated by the Jamaican government, to: conceal child abuse, neglect, mistreatment, and torture of children; act in concert with one another to promote and market to members of the general public, and educational and child welfare regulatory authorities, the success of ALA's methods for the purpose of enhancing enrollment and revenue.

253.    Defendants and their co-conspirators engaged in a civil conspiracy to conceal their wrongful conduct, including child abuse, child mistreatment, and child neglect and failed to report said conduct to the appropriate authorities.

254.    Defendants and their co-conspirators engaged in a civil conspiracy to conceal their wrongful conduct including forced child labor.

255.    Defendants' and co-conspirators' conspiracy of concealment and concert of action together was designed to promote, advertise, market, operate, run, control, and/or manage a youth boarding school. Defendants and their co-conspirators knew child abuse, neglect, and mistreatment were continuing from at least 2016 through at least February 2024, at which time ALA was investigated by Jamaican authorities.

256.    This conspiracy was for the purpose of benefitting Defendants financially and protecting them from investigations of their wrongdoing.

257.    Defendants and their co-conspirators are liable for the acts of each other, irrespective of whether each committed the torts alleged herein.

258.    In furtherance of said conspiracy and agreement, Defendant Forest Trail engaged in fraudulent representations, omissions and/or concealment of facts, acts of cover-up and statements as follows:

a.  Specifically, Defendant Forest Trail's accreditation of ALA effectively recommended, endorsed, marketed, advertised, and promoted ALA to vulnerable parents and guardians who were misled by Defendant Forest Trail's representations that ALA—through Forest Trail—would be providing educational services to children they entrusted to ALA.

b.  Defendant Forest Trail partnered with ALA and co-signed, supported, and re-enforced the legitimacy ALA attempted to cultivate via the Defendants' conspiratory relationship and business enterprise to induce parents into sending their children to ALA.

c.  Defendant Forest Trail was purely motivated in this regard for the purposes of protecting their own interests and benefitting financially from its association with the other Defendants and its co-conspirators, at the expense of innocent children, including minor Plaintiff P.N.

259.    In furtherance of said conspiracy and agreement, Defendant ALA engaged in fraudulent representations, omissions and/or concealment of facts, acts of cover-up and statements as follows:

a. Specifically, Defendant ALA, acted in concert with the other named Defendants to take custody, care, and control over children enrolled at its facility and then facilitated the abuse, neglect, torture, malnourishment, and forced labor of those children, including minor Plaintiff P.N.

b. Specifically, Defendant ALA partnered with the Consultant Defendants and the Transporter Defendants to recruit and transport minor children to ALA under the guise that ALA provided accredited educational services and that they would protect the children and keep them safe.

c. Defendant ALA acted by and through its employees, servants, and agents, in the operation of its facility, and the hiring, admitting, assigning, retaining, and supervising of staff members therein who engaged in child abuse, neglect, torture, malnourishment, and forced labor.

d. Accordingly, Defendant ALA, by and through its employees and agents, carried out systemic acts of child abuse, neglect, torture, malnourishment, and forced labor in order to obtain financial gain for itself and its co-conspirators.

e. Defendant ALA was purely motivated in this regard for the purposes of protecting their own interests and benefitting financially from its association with the other Defendants and its co-conspirators, at the expense of innocent children, including minor Plaintiff P.N.

260. In furtherance of said conspiracy and agreement, Defendant Randall Cook engaged in fraudulent representations, omissions and/or concealment of facts, acts of cover-up and statements as follows:

a.  Specifically, Randall Cook as the co-owner and co-operator of ALA had intimate knowledge of the operations of ALA and the abuse, neglect, torture, forced labor, and malnourishment of children occurring there and, despite this knowledge, represented to parents that ALA was providing a safe, secure, educational, and therapeutic environment for children, including minor Plaintiff P.N.

b.  Defendant Randall Cook was and remains the face of ALA and appeared in marketing materials for ALA and personally contacted parents to assure them that their children would be safe and secure while enrolled at ALA.

c.  Defendant Randall Cook, at all times relevant, was physically present in Jamaica and made regular visits to the ALA campus where he observed the unsafe conditions to which children, including minor Plaintiff P.N. were subject.

d.  Defendant Randall Cook, the course and scope of his role as co-owner and co-operator of ALA, was directly responsible for the hiring, training, supervision, and retention of ALA staff.

e.  Defendant Randall Cook hired and retained unqualified and untrained staff who abused, neglected, and tortured children, including minor Plaintiff P.N., and who were able to accomplish such actions under Randall Cook's supervision.

f.  Defendant Randall Cook was purely motivated in this regard for the purposes of protecting his own interests and benefitting financially from his association with the other Defendants and his co-conspirators, at the expense of innocent children, including minor Plaintiff P.N.

261.    In furtherance of said conspiracy and agreement, Defendant Lisa Cook engaged in fraudulent representations, omissions and/or concealment of facts, acts of cover-up and statements as follow:

    a.   Specifically, Lisa Cook as the co-owner and co-operator of ALA had intimate knowledge of the operations of ALA and the abuse, neglect, torture, forced labor, and malnourishment of children occurring there and, despite this knowledge, represented to parents that ALA was providing a safe, secure, educational, and therapeutic environment for children, including minor Plaintiff P.N.

    b.   Defendant Lisa Cook also managed the finances of ALA, securing payments from parents who enrolled their children at ALA, financing ALA's partnership with Defendant Forest Trail, and overseeing financial kickbacks and benefits given to The Transporter Defendants and the Consultant Defendants for providing ALA with vulnerable children who were then exploited for profit.

    c.   Defendant Lisa Cook was purely motivated in this regard for the purposes of protecting their own interests and benefitting financially from its association with the other Defendants and its co-conspirators, at the expense of innocent children, including minor Plaintiff P.N.

262.    In furtherance of said conspiracy and agreement, The Transporter Defendants engaged in fraudulent representations, omissions and/or concealment of facts, acts of cover-up and statements as follows:

    a.   Specifically, the Transporter Defendants, through its agents and employees, represented to Plaintiff P.N. and Plaintiff P.N.'s parents that ALA was a safe,

secure, educational, therapeutic environment that would meet all of minor Plaintiff P.N.'s needs.

b.  The Transporter Defendants warranted to Plaintiff P.N. and Plaintiff P.N.'s parents that minor P.N. would not be harmed while at ALA and further represented that it was not only familiar with ALA but that the Transporter Defendants helped to transport other children to ALA in the past.

c.  the Transporter Defendants then arranged for and carried out the transportation of minor Plaintiff P.N. from the United States to the country of Jamaica for the purpose of enrolling him at ALA.

d.  The Transporter Defendants was purely motivated in this regard for the purposes of protecting their own interests and benefitting financially from its association with the other Defendants and its co-conspirators, at the expense of innocent children, including minor Plaintiff P.N.

263.    In furtherance of said conspiracy and agreement, Defendants Lisa Cook and Randall Cook engaged in fraudulent representations, omissions and/or concealment of facts, acts of cover-up and statements as follows:

a.  Specifically, Lisa Cook and Randall Cook, within the course and scope of their employment and/or agency with Defendant Core Solutions, represented to Plaintiff P.N. and Plaintiff P.N.'s parents that ALA was a safe, secure, educational, therapeutic environment that would meet all of minor Plaintiff P.N.'s needs. Lisa Cook and Randall Cook, within the course and scope of their employment and/or agency with Defendant Core Solutions, warranted to Plaintiff P.N. and Plaintiff

P.N.'s parents that minor P.N. would not be harmed while at ALA and further represented that they had helped to place other children at ALA in the past.

b. Defendants Lisa Cook and Randall Cook were purely motivated in this regard for the purposes of protecting her own interests and benefitting financially from their association with the other Defendants and her co-conspirators, at the expense of innocent children, including minor Plaintiff P.N.

264.    In furtherance of said conspiracy and agreement, Defendant Core Solutions engaged in fraudulent representations, omissions and/or concealment of facts, acts of cover-up and statements as follows:

a. Specifically, Defendant Core Solutions represented to Plaintiff P.N. and Plaintiff P.N.'s parents that ALA was a safe, secure, educational, therapeutic environment that would meet all of minor Plaintiff P.N.'s needs.

b. Defendant Core Solutions warranted to Plaintiff P.N. and Plaintiff P.N.'s parents that minor P.N. would not be harmed while at ALA and further represented that they had placed other children at ALA in the past.

c. Defendant Core Solutions was purely motivated in this regard for the purposes of protecting their own interests and benefitting financially from its association with the other Defendants and its co-conspirators, at the expense of innocent children, including minor Plaintiff P.N.

265.    All of the actions of Defendants set forth in the preceding paragraphs were in violation of the rights of minor Plaintiff P.N. and were committed in furtherance of the aforementioned conspiracies and agreements. Moreover, each of the aforementioned individuals lent aid and encouragement, and knowingly financed, ratified and/or adopted the acts of the other.

64

As a proximate result of the wrongful acts herein alleged, Plaintiff has suffered significant damage as outlined above.

266.    These acts constituted malicious conduct which was carried on by the Defendants with willful and conscious disregard for Plaintiff's rights with the intention of willfully concealing incidents of child abuse and neglect, and was despicable conduct by any measure that subjected minor Plaintiff P.N. to cruel and unjust hardship, so as to justify an award of exemplary and punitive damages. Accordingly, punitive damages should be awarded against Defendants to punish them and deter other such persons from committing such wrongful and malicious acts in the future.

267.    As a direct and proximate result of this conspiracy, minor Plaintiff P.N. suffered severe bodily harm and emotional distress.

268.    As a direct and proximate result of this conspiracy, minor Plaintiff P.N., was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor Plaintiff P.N., has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

269.    As a further direct and proximate result of this conspiracy, minor Plaintiff P.N., has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

270.     As a direct and proximate result of this conspiracy, Plaintiff P.N. has had to incur medical expenses for his care. These expenses occurred in the past and are expected to occur in the future.

271.     As a further direct and proximate result of this conspiracy, minor, P.N., has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff P.N. demands judgment   against Defendants Forest Trail Academy, LLC, Atlantis Leadership Academy, LLC, Randall Cook, Lisa Cook, Jodi Stewman, Randy Stewman, USYTA Youth Transport Service, LLC, Lisa Cook, Randall Cook, and Core Solutions, LLC, in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

## COUNT XIII
## FRAULENT CONCEALMENT
### *Plaintiff v. Defendant Forest Trail*

272.     Being at an exact time unknown to Plaintiff, and continuing even today, Defendant Forest Trail  has carried out, and continues to carry out, a campaign designed to deceive the public, Plaintiff P.N., and other parents and legal guardians as to the alleged safety and security of ALA.

273.     Defendant Forest Trail carried out this scheme by concealing their knowledge concerning the following:

   a.   The failure to provide a safety and danger-free environment to the children residing at ALA;

   b.   The child abuse and child neglect occurring at ALA;

   c.   The inhumane treatment of children occurring at ALA;

   d.   The torture used at ALA;

   e.   The educational neglect occurring at ALA;

66

    f.   The failure to follow accreditation requirements;

    g.   The forced labor at ALA;

    h.   The lack of nutrition and deprivation of water and food at ALA;

    i.   The deprivation of basic human rights occurring at ALA;

    j.   The cruel and unusual punishment occurring at the ALA, including waterboarding, severe beatings, threats, and forced labor perpetrated upon children by ALA by staff members, employees, and even other children at ALA; and

    k.   Other information not yet discovered.

274.    Defendant Forest Trail has concealed vast amounts of information regarding the truth behind the activities at ALA for years.

275.    In fact, after the Jamaican Child Protective Services forcibly withdrew children from ALA, Forest Trail changed its website to remove any trace of their affiliation with ALA.

276.    Defendant Forest Trail concealed, and to date still conceals, their actual knowledge concerning their own involvement in recruiting, promoting, marketing, advertising, running, transporting, supervising, and profiting off of ALA.

277.    The success of the fraud and conspiracy involving ALA depended upon the concerted action of all Defendants, as the scheme required placement specialists, such as Lisa Cook and Randall Cook, and their employer, Defendant Core Solutions, to recommend, market, advertise, promote, and mislead vulnerable parents and guardians to recruit children to attend the accredited facility.

278.    The success of the fraud and conspiracy involving ALA depended upon the concerted action of all Defendants, as the scheme required child transporters and traffickers, such as the Transporter Defendants, to recommend, market, advertise, promote, transport, and mislead vulnerable parents and guardians to recruit children to attend the accredited facility.

279.     Defendant Forest Trail's accreditation of ALA effectively recommended, endorsed, marketed, advertised, and promoted ALA to vulnerable parents and guardians who were misled by Defendant Forest Trail's representations that ALA—through Forest Trail—would be providing educational services to children they entrusted to ALA.

280.     Moreover, ALA required the transportation services, such as The Transporter Defendants, to assure parents and guardians that their children would be accounted for, cared for, and protected while they transported them to an allegedly safe institution.

281.     All Defendants worked together and received financial gain through compensation, bonuses, kickbacks, and/or benefits from recruiting children to attend ALA, transporting children from the United States to ALA, and purportedly providing online educational courses to children at ALA.

282.     The success of the fraud and conspiracy of ALA depended upon the concerted action of all Defendants, including Forest Trail, for otherwise the revelation by one individual or entity of what it knew about regarding the child abuse, child neglect, and malnourishment, would have thwarted the conspiracy.

283.     The aforementioned information and/or knowledge was concealed and/or was suppressed by Defendants, including Forest Trail, and was concealed and/or suppressed for the purpose of inducing Plaintiff P.N. to enroll at ALA.

284.     Plaintiff P.N., Plaintiff P.N.'s parents, and other parents and legal guardians similarly justifiably relied upon Defendants, including Forest Trail, to protect their children and provide an allegedly therapeutic and educational boarding school.

285.     Plaintiff P.N., Plaintiff P.N.'s parents, and other parents and legal guardians, were unaware of the danger, abuse, and neglect occurring at ALA.

286.   At all times material, Defendants, including Forest Trail, had superior knowledge regarding the child abuse, child neglect, torture, and malnourishment of children occurring at ALA.

287.   As a direct and proximate result of the fraudulent concealment and/or suppression of material information, minor Plaintiff P.N. suffered severe bodily harm and emotional distress.

288.   As a direct and proximate result of the fraudulent concealment and/or suppression of material information by Defendant Forest Trail, minor Plaintiff P.N. was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor Plaintiff P.N., has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

289.   As a further direct and proximate result of the fraudulent concealment and/or suppression of material information by Defendant Forest Trail, minor Plaintiff P.N., has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

290.   As a direct and proximate result of the fraudulent concealment and/or suppression of material information by Defendant Forest Trail, Plaintiff P.N. has had to incur medical expenses for his care. These expenses occurred in the past and are expected to occur in the future.

291.   As a further direct and proximate result of the fraudulent concealment and/or suppression of material information of Defendant Forest Trail, minor Plaintiff P.N., has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff P.N. demands judgment  against Defendant Forest Trail Academy, LLC, in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

**COUNT XIV**
**FRAULENT CONCEALMENT**
***Plaintiff v. The Atlantis Defendants***

292.     Being at an exact time unknown to Plaintiff, and continuing even today, the Atlantis Defendants have carried out, and continue to carry out, a campaign designed to deceive the public, Plaintiff P.N., Plaintiff P.N.'s parents, and other parents and legal guardians as to the alleged safety and security of ALA.

293.     The Atlantis Defendants carried out this scheme by concealing their knowledge concerning the following:

   a.   The failure to provide a safety and danger-free environment to the children residing at ALA;

   b.   The child abuse and child neglect occurring at ALA;

   c.   The inhumane treatment of children occurring at ALA;

   d.   The torture used at ALA;

   e.   The educational neglect occurring at ALA;

   f.   The failure to follow accreditation requirements;

   g.   The forced labor at ALA;

   h.   The lack of nutrition and deprivation of water and food at ALA;

   i.   The deprivation of basic human rights occurring at ALA;

   j.   The cruel and unusual punishment occurring at the ALA, including waterboarding, severe beatings, threats, and forced labor perpetrated upon children by ALA by staff members, employees, and even other children at ALA; and

70

k.   Other information not yet discovered.

294.   The Atlantis Defendants, being the institution of ALA and its co-owners and co-operators Randall Cook and Lisa Cook, have concealed vast amounts of information regarding the truth behind the activities at ALA for years.

295.   In fact, after Jamaican Child Protective Services forcibly withdrew children from ALA, ALA changed its website to remove any trace of their affiliation with Forest Trail.

296.   Further, after Jamaican Child Protective Services removed children from ALA, Defendant Randall Cook posted on the ALA website a video re-promoting ALA but failing to warn of the abuse and neglect occurring at the school.

297.   The Atlantis Defendants concealed their actual knowledge concerning their own involvement in recruiting, promoting, marketing, advertising, running, transporting, supervising, and profiting from the operation of ALA.

298.   The success of the fraud and conspiracy involving ALA depended upon the concerted action of all Defendants, as the scheme required placement specialists, such as Lisa Cook and Randall Cook and their employer, Defendant Core Solutions, to recommend, market, advertise, promote, and mislead vulnerable parents and guardians to recruit children to attend the facility.

299.   Defendant Forest Trail's accreditation of ALA effectively recommended, endorsed, marketed, advertised, and promoted ALA to vulnerable parents and guardians who were misled by Defendant Forest Trail's representations that ALA—through Forest Trail—would be providing educational services to children they entrusted to ALA.

300. Moreover, ALA required the transportation services, such as The Transporter Defendants, to assure parents and guardians that their children would be accounted for, cared for, and protected while they transported them to an allegedly safe institution.

301. All Defendants worked together and received financial gain through compensation, bonuses, kickbacks, and/or benefits from recruiting children to attend ALA, transporting children from the United States to ALA, and purportedly providing online educational courses to children at ALA.

302. The success of the fraud and conspiracy of ALA depended upon the concerted action of all Defendants, including the Atlantis Defendants themselves, for otherwise the revelation by one individual or entity of what it knew about regarding the child abuse, child neglect, and malnourishment, would have thwarted the conspiracy.

303. The success of the fraud and conspiracy involving ALA depended upon the concerted action of all Defendants, as the scheme required child transporters and traffickers, such as the Transporter Defendants, to recommend, market, advertise, promote, transport, and mislead vulnerable parents and guardians to recruit children to attend the accredited facility.

304. The aforementioned information and/or knowledge was concealed and/or was suppressed by Defendants, including the Atlantis Defendants, and was concealed and/or suppressed for the purpose of inducing Plaintiff P.N. to enroll at ALA.

305. Plaintiff P.N., Plaintiff P.N.'s parents, and other parents and legal guardians similarly justifiably relied upon Defendants, including the Atlantis Defendants, to protect their children and provide an allegedly therapeutic and educational boarding school.

306. Plaintiff P.N., Plaintiff P.N.'s parents, and other parents and legal guardians, were unaware of the danger, abuse, and neglect occurring at ALA.

307.    At all times material, Defendants, including the Atlantis Defendants, had superior knowledge regarding the child abuse, child neglect, torture, and malnourishment of children occurring at ALA.

308.    As a direct and proximate result of the fraudulent concealment and/or suppression of material information, minor Plaintiff P.N. suffered severe bodily harm and emotional distress.

309.    As a direct and proximate result of the fraudulent concealment and/or suppression of material information by the Atlantis Defendants, minor Plaintiff P.N. was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor Plaintiff P.N., has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

310.    As a further direct and proximate result of the fraudulent concealment and/or suppression of material information by the Atlantis Defendants, minor Plaintiff P.N., has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

311.    As a direct and proximate result of the fraudulent concealment and/or suppression of material information by the Atlantis Defendants, Plaintiff P.N. has had to incur medical expenses for his care. These expenses occurred in the past and are expected to occur in the future.

312.     As a further direct and proximate result of the fraudulent concealment and/or suppression of material information of the Atlantis Defendants, minor Plaintiff P.N., has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff P.N. demands judgment against Defendants Atlantis Leadership Academy, LLC, Randall Cook, and Lisa Cook in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

<u>**COUNT XV**</u>
**FRAULENT CONCEALMENT**
***Plaintiff v. The Transporter Defendants***

313.     Being at an exact time unknown to Plaintiff, and continuing even today, The Transporter Defendants carried out, and continue to carry out, a campaign designed to deceive the public, Plaintiff P.N., Plaintiff P.N.'s parents, and other parents and legal guardians as to the alleged safety and security of ALA.

314.     The Transporter Defendants carried out this scheme by concealing its knowledge concerning the following:

a.  The failure to provide a safety and danger-free environment to the children residing at ALA;

b.  The child abuse and child neglect occurring at ALA;

c.  The inhumane treatment of children occurring at ALA;

d.  The torture used at ALA;

e.  The educational neglect occurring at ALA;

f.  The failure to follow the accreditation requirements;

g.  The forced labor at ALA;

h.  The lack of nutrition and deprivation of water and food at ALA;

74

      i.    The deprivation of basic human rights occurring at ALA;

      j.    The cruel and unusual punishment occurring at the ALA, including waterboarding, severe beatings, threats, and forced labor perpetrated upon children by ALA by staff members, employees, and even other children at ALA; and

      k.    Other information not yet discovered.

315.    The Transporter Defendants has concealed vast amounts of information regarding the truth behind the activities at ALA for years.

316.    The Transporter Defendants concealed their actual knowledge concerning their own involvement in recruiting, promoting, marketing, advertising, running, transporting, supervising, and profiting from the operation of ALA.

317.    The success of the fraud and conspiracy involving ALA depended upon the concerted action of all Defendants, as the scheme required placement specialists, such as Lisa Cook and Randall Cook and their employer, Defendant Core Solutions, to recommend, market, advertise, promote, and mislead vulnerable parents and guardians to recruit children to attend the facility.

318.    Defendant Forest Trail's accreditation of ALA effectively recommended, endorsed, marketed, advertised, and promoted ALA to vulnerable parents and guardians who were misled by Defendant Forest Trail's representations that ALA—through Forest Trail—would be providing educational services to children they entrusted to ALA.

319.    Moreover, ALA required the transportation services, such as The Transporter Defendants, to assure parents and guardians that their children would be accounted for, cared for, and protected while they transported them to an allegedly safe institution.

320.    All Defendants worked together and received financial gain through compensation, bonuses, kickbacks, and/or benefits from recruiting children to attend ALA, transporting children

from the United States to ALA, and purportedly providing online educational courses to children at ALA.

321.    The success of the fraud and conspiracy of ALA depended upon the concerted action of all Defendants, including The Transporter Defendants, for otherwise the revelation by one individual or entity of what it knew about regarding the child abuse, child neglect, and malnourishment, would have thwarted the conspiracy.

322.    The success of the fraud and conspiracy involving ALA depended upon the concerted action of all Defendants, as the scheme required child transporters and traffickers, such as the Transporter Defendants, to recommend, market, advertise, promote, transport, and mislead vulnerable parents and guardians to recruit children to attend the accredited facility.

323.    The aforementioned information and/or knowledge was concealed and/or was suppressed by Defendants, including The Transporter Defendants, and was concealed and/or suppressed for the purpose of inducing Plaintiff P.N. to enroll at ALA.

324.    Plaintiff P.N., Plaintiff P.N.'s parents, and other parents and legal guardians similarly justifiably relied upon Defendants, including Defendant UYSTA, to protect their children and provide an allegedly therapeutic and educational boarding school.

325.    Plaintiff P.N., Plaintiff P.N.'s parents, and other parents and legal guardians, were unaware of the danger, abuse, and neglect occurring at ALA.

326.    At all times material, Defendants, including The Transporter Defendants, had superior knowledge regarding the child abuse, child neglect, torture, and malnourishment of children occurring at ALA.

327.    As a direct and proximate result of the fraudulent concealment and/or suppression of material information, minor Plaintiff P.N. suffered severe bodily harm and emotional distress.

328.     As a direct and proximate result of the fraudulent concealment and/or suppression of material information by The Transporter Defendants, minor Plaintiff P.N. was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor Plaintiff P.N., has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

329.     As a further direct and proximate result of the fraudulent concealment and/or suppression of material information by The Transporter Defendants, minor Plaintiff P.N., has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

330.     As a direct and proximate result of the fraudulent concealment and/or suppression of material information by The Transporter Defendants, Plaintiff P.N. has had to incur medical expenses for his care. These expenses occurred in the past and are expected to occur in the future.

331.     As a further direct and proximate result of the fraudulent concealment and/or suppression of material information of The Transporter Defendants, minor Plaintiff P.N., has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff P.N. demands judgment against Defendants Jodi Stewman, Randy Stewman and United Secure Youth Transport Agency, LLC, in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in

compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

**COUNT XVI**
**FRAULENT CONCEALMENT**
*Plaintiff v. The Consultant Defendants*

332.    Being at an exact time unknown to Plaintiff, and continuing even today, the Consultant Defendants have carried out, and continue to carry out, a campaign designed to deceive the public, Plaintiff P.N., Plaintiff P.N.'s parents, and other parents and legal guardians as to the alleged safety and security of ALA.

333.    The Consultant Defendants carried out this scheme by concealing their knowledge concerning the following:

   a.   The failure to provide a safety and danger-free environment to the children residing at ALA;

   b.   The child abuse and child neglect occurring at ALA;

   c.   The inhumane treatment of children occurring at ALA;

   d.   The torture used at ALA;

   e.   The educational neglect occurring at ALA;

   f.   The failure to follow the accreditation requirements;

   g.   The forced labor at ALA;

   h.   The lack of nutrition and deprivation of water and food at ALA;

   i.   The deprivation of basic human rights occurring at ALA;

   j.   The cruel and unusual punishment occurring at the ALA, including waterboarding, severe beatings, threats, and forced labor perpetrated upon children by ALA by staff members, employees, and even other children at ALA; and

   k.   Other information not yet discovered.

334.     The Consultant Defendants, being Lisa Cook, Randall Cook, and Core Solutions, have concealed vast amounts of information regarding the truth behind the activities at ALA for years.

335.     The Consultant Defendants concealed their actual knowledge concerning their own involvement in recruiting, promoting, marketing, advertising, running, transporting, supervising, and profiting from the operation of ALA.

336.     The success of the fraud and conspiracy involving ALA depended upon the concerted action of all Defendants, as the scheme required placement specialists, such as Lisa Cook and Randall Cook and their employer, Defendant Core Solutions, to recommend, market, advertise, promote, and mislead vulnerable parents and guardians to recruit children to attend the facility.

337.     The success of the fraud and conspiracy involving ALA depended upon the concerted action of all Defendants, as the scheme required child transporters and traffickers, such as the Transporter Defendants, to recommend, market, advertise, promote, transport, and mislead vulnerable parents and guardians to recruit children to attend the accredited facility.

338.     Defendant Forest Trail's accreditation of ALA effectively recommended, endorsed, marketed, advertised, and promoted ALA to vulnerable parents and guardians who were misled by Defendant Forest Trail's representations that ALA—through Forest Trail—would be providing educational services to children they entrusted to ALA.

339.     Moreover, ALA required the transportation services, such as The Transporter Defendants, to assure parents and guardians that their children would be accounted for, cared for, and protected while they transported them to an allegedly safe institution.

340.     All Defendants worked together and received financial gain through compensation, bonuses, kickbacks, and/or benefits from recruiting children to attend ALA, transporting children from the United States to ALA, and purportedly providing online educational courses to children at ALA.

341.     The success of the fraud and conspiracy of ALA depended upon the concerted action of all Defendants, including the Consultant Defendants, for otherwise the revelation by one individual or entity of what it knew about regarding the child abuse, child neglect, and malnourishment, would have thwarted the conspiracy.

342.     The aforementioned information and/or knowledge was concealed and/or was suppressed by Defendants, including the Consultant Defendants, and was concealed and/or suppressed for the purpose of inducing Plaintiff to enroll at ALA.

343.     Plaintiff P.N., Plaintiff P.N.'s parents, and other parents and legal guardians similarly justifiably relied upon Defendants, including the Consultant Defendants, to protect their children and provide an allegedly therapeutic and educational boarding school.

344.     Plaintiff P.N., Plaintiff P.N.'s parents, and other parents and legal guardians, were unaware of the danger, abuse, and neglect occurring at ALA.

345.     At all times material, Defendants, including the Consultant Defendants, had superior knowledge regarding the child abuse, child neglect, torture, and malnourishment of children occurring at ALA.

346.     As a direct and proximate result of the fraudulent concealment and/or suppression of material information, minor Plaintiff P.N. suffered severe bodily harm and emotional distress.

347.     As a direct and proximate result of the fraudulent concealment and/or suppression of material information by the Consultant Defendants, minor Plaintiff P.N. was seriously and

severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor Plaintiff P.N., has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

348.    As a further direct and proximate result of the fraudulent concealment and/or suppression of material information by the Consultant Defendants, minor Plaintiff P.N., has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

349.    As a direct and proximate result of the fraudulent concealment and/or suppression of material information by the Consultant Defendants, Plaintiff P.N. has had to incur medical expenses for his care. These expenses occurred in the past and are expected to occur in the future.

350.    As a further direct and proximate result of the fraudulent concealment and/or suppression of material information of the Consultant Defendants, minor Plaintiff P.N., has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff P.N. demands judgment against Defendants Lisa Cook, Randall Cook, and Core Solutions, LLC, in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

## COUNT XVII
## CONSPIRACY TO COMMIT FRAUDULENT CONEALMENT
### *Plaintiff v. Defendant Forest Trail*

351.    Defendants, including Defendant Forest Trail, unlawfully agreed to conceal or omit, and did in fact council or omit, information regarding the child abuse, child neglect, torture and malnourishment occurring at ALA and the public, including Plaintiff P.N. and Plaintiff's parents, relied on this information to the detriment of Plaintiff P.N.

352.    Defendants agreed to execute their scheme by performing the above-mentioned unlawful acts and/or by doing lawful acts by unlawful means.

353.    The concealed and omitted information described above in Counts 13-16 was material information regarding the safety and security of minor children, including P.N.

354.    Plaintiff,  P.N. relied to his detriment upon the concealment and omission of such information.

355.    Plaintiff P.N. believed that he was being sent to a boarding school that would protect him from dangerous conditions, including child abuse, child neglect, torture, and malnutrition.

356.    Plaintiff P.N. believed that he was being sent to a boarding school that would provide him an education through Defendant Forest Trail and not deprive him of an education.

357.    Plaintiff P.N. believed that he was being sent to a boarding school that would feed him and provide him with appropriate water and other required nutrition.

358.    Each of the Defendants' actions and omissions, including those of Defendant Forest Trail, constitute a successful conspiracy to commit fraud.

359.    Defendants' conspiracy was a vehicle for imputing the tortious acts of one co-conspirator to another.

360.    Each act performed by each Defendant was done in pursuance of a conspiracy and is an act for which each is jointly and severally liable.

361.    Once the existence of a conspiracy was established, and a party's membership in the conspiracy was established, each Defendant became liable for the acts of all members of the conspiracy in furtherance of the conspiracy, regardless of the nature of their own actions.

362.    Each Defendant, individually, who knowingly joined this conspiracy, even at a later date, took the conspiracy as he/she/it found it and is liable for all acts previously or subsequently done in pursuance of this conspiracy.

363.    Defendant Forest Trail, as members of a civil conspiracy, is liable for all acts and/or omissions outlined in in Counts 13-16 above of any co-conspirator done in pursuance of the conspiracy.

364.    As a direct and proximate result of the fraudulent concealment and/or suppression of material information caused by the Defendant Forest Trail, minor Plaintiff P.N. suffered severe bodily harm and emotional distress.

365.    As a direct and proximate result of the fraudulent concealment and/or suppression of material information of Defendant Forest Trail, minor Plaintiff P.N. was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor, P.N., has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

366.     As a further direct and proximate result of the fraudulent concealment and/or suppression of material information of Defendant Forest Trail, minor Plaintiff P.N. has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

367.     As a direct and proximate result of the fraudulent concealment and/or suppression of material information of Defendant Forest Trial, Plaintiff has had to incur medical expenses for his care. These expenses occurred in the past and are expected to occur in the future.

368.     As a further direct and proximate result of the fraudulent concealment and/or suppression of material information of Defendant Forest Trial, minor Plaintiff P.N. has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff P.N. demands judgment  against Defendant Forest Trail Academy, LLC, in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

## <u>COUNT XVIII</u>
### CONSPIRACY TO COMMIT FRAUDULENT CONEALMENT
### *Plaintiff v. The Atlantis Defendants*

369.     Defendants, including the Atlantis Defendants themselves, unlawfully agreed to conceal or omit, and did in fact council or omit, information regarding the child abuse, child neglect, torture and malnourishment occurring at ALA and the public, including Plaintiff P.N. and Plaintiff P.N.'s parents relied on this information to the detriment of Plaintiff P.N.

370.     Defendants agreed to execute their scheme by performing the above-mentioned unlawful acts and/or by doing lawful acts by unlawful means.

371.    The concealed and omitted information described above in Counts 13-16 was material information regarding the safety and security of minor children, including P.N.

372.    Plaintiff P.N. relied to his detriment upon the concealment and omission of such information.

373.    Plaintiff P.N. believed that he was being sent to a boarding school that would protect him son from dangerous conditions, including child abuse, child neglect, torture, and malnutrition.

374.    Plaintiff P.N. believed that he was being sent to a boarding school—and being placed him in the care and custody of the Atlantis Defendants—that would provide him an education through Defendant Forest Trail and not deprive him of an education.

375.    Plaintiff P.N. believed that he was being sent to a boarding school—and being placed him in the care and custody of the Atlantis Defendants—that would feed him and provide him with appropriate water and other required nutrition.

376.    Each of the Defendants' actions and omissions, including those of the Atlantis Defendants, constitute a successful conspiracy to commit fraud.

377.    Defendants' conspiracy was a vehicle for imputing the tortious acts of one co-conspirator to another.

378.    Each act performed by each Defendant was done in pursuance of a conspiracy and is an act for which each is jointly and severally liable.

379.    Once the existence of a conspiracy was established, and a party's membership in the conspiracy was established, each Defendant became liable for the acts of all members of the conspiracy in furtherance of the conspiracy, regardless of the nature of their own actions.

380.     Each Defendant, individually, who knowingly joined this conspiracy, even at a later date, took the conspiracy as he/she/it found it and is liable for all acts previously or subsequently done in pursuance of this conspiracy.

381.     The Atlantis Defendants, as members of a civil conspiracy, are liable for all acts and/or omissions described above in Counts 13-16 of any co-conspirator done in pursuance of the conspiracy.

382.     As a direct and proximate result of the fraudulent concealment and/or suppression of material information caused by the Defendant Forest Trail, minor Plaintiff P.N. suffered severe bodily harm and emotional distress.

383.     As a direct and proximate result of the fraudulent concealment and/or suppression of material information of Defendant Forest Trail, minor Plaintiff P.N. was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor, P.N., has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

384.     As a further direct and proximate result of the fraudulent concealment and/or suppression of material information of Defendant Forest Trail, minor Plaintiff P.N. has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

385.     As a direct and proximate result of the fraudulent concealment and/or suppression of material information of Defendant Forest Trial, Plaintiff P.N. has had to incur medical expenses for his care. These expenses occurred in the past and are expected to occur in the future.

386.     As a further direct and proximate result of the fraudulent concealment and/or suppression of material information of Defendant Forest Trial, minor Plaintiff P.N. has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff P.N. demands judgment  against Defendant Atlantis Leadership Academy, LLC, Randall Cook, and Lisa Cook in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

## COUNT XIX
### CONSPIRACY TO COMMIT FRAUDULENT CONEALMENT
### *Plaintiff v. The Transporter Defendants*

387.     Defendants, including The Transporter Defendants, unlawfully agreed to conceal or omit, and did in fact council or omit, information regarding the child abuse, child neglect, torture and malnourishment occurring at ALA and the public, including Plaintiff P.N. and Plaintiff P.N.'s parents relied on this information to the detriment of minor P.N.

388.     Defendants agreed to execute their scheme by performing the above-mentioned unlawful acts and/or by doing lawful acts by unlawful means.

389.     The concealed and omitted information described above in Counts 13-16  was material information regarding the safety and security of minor children, including P.N.

390.     Plaintiff P.N. relied to his detriment upon the concealment and omission of such information.

391.    Plaintiff P.N.'s parents placed minor Plaintiff P.N. in the care and custody of the Transporter Defendants to transport him to ALA, believing that she was sending Plaintiff P.N. to a boarding school that would protect him from dangerous conditions, including child abuse, child neglect, torture, and malnutrition.

392.    Plaintiff P.N.'s parents placed minor Plaintiff P.N. in the care and custody of the Transporter Defendants to transport him to ALA,  believing that she was sending Plaintiff P.N. to a boarding school that would provide an education to him through Defendant Forest Trail and not deprive him of an education.

393.    Plaintiff P.N.'s parents placed minor Plaintiff P.N. in the care and custody of the Transporter Defendants to transport him to ALA, believing that she was sending Plaintiff P.N. to a boarding school that would feed him and provide him with appropriate water and other required nutrition.

394.    Each of the Defendants' actions and omissions, including those of The Transporter Defendants, constitute a successful conspiracy to commit fraud.

395.    Defendants' conspiracy was a vehicle for imputing the tortious acts of one co-conspirator to another.

396.    Each act performed by each Defendant was done in pursuance of a conspiracy and is an act for which each is jointly and severally liable.

397.    Once the existence of a conspiracy was established, and a party's membership in the conspiracy was established, each Defendant became liable for the acts of all members of the conspiracy in furtherance of the conspiracy, regardless of the nature of their own actions.

398.     Each Defendant, individually, who knowingly joined this conspiracy, even at a later date, took the conspiracy as he/she/it found it and is liable for all acts previously or subsequently done in pursuance of this conspiracy.

399.     The Transporter Defendants, as a member of a civil conspiracy, is liable for all acts and/or omissions described above in Counts 13-16 of any co-conspirator done in pursuance of the conspiracy.

400.     As a direct and proximate result of the fraudulent concealment and/or suppression of material information caused by The Transporter Defendants, minor Plaintiff P.N. suffered severe bodily harm and emotional distress.

401.     As a direct and proximate result of the fraudulent concealment and/or suppression of material information of The Transporter Defendants, minor Plaintiff P.N. was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor, P.N., has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

402.     As a further direct and proximate result of the fraudulent concealment and/or suppression of material information of The Transporter Defendants, minor Plaintiff P.N. has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

403.     As a direct and proximate result of the fraudulent concealment and/or suppression of material information of The Transporter Defendants, Plaintiff P.N. has had to incur medical expenses for his care. These expenses occurred in the past and are expected to occur in the future.

404.     As a further direct and proximate result of the fraudulent concealment and/or suppression of material information of The Transporter Defendants minor Plaintiff P.N. has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff P.N. demands judgment against Defendants Jodi Stewman, Randy Stewman and United Secure Youth Transport Agency, LLC,  in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

### COUNT XX
### CONSPIRACY TO COMMIT FRAUDULENT CONEALMENT
#### *Plaintiff v. The Consultant Defendants*

405.     Defendants, including the Consultant Defendants, unlawfully agreed to conceal or omit, and did in fact council or omit, information regarding the child abuse, child neglect, torture and malnourishment occurring at ALA and the public, including Plaintiff P.N. and Plaintiff P.N.'s parents relied on this information to the detriment of Plaintiff P.N.

406.     Defendants agreed to execute their scheme by performing the above-mentioned unlawful acts and/or by doing lawful acts by unlawful means.

407.     The concealed and omitted information described above in Counts 13-16 was material information regarding the safety and security of minor children, including P.N.

408.     Plaintiff P.N. relied to his detriment upon the concealment and omission of such information.

90

409.    Based on the representations of the Defendants, including the Consultant Defendants, Plaintiff P.N.'s parents placed P.N. in the care and custody of The Transporter Defendants and the Atlantis Defendants, believing that Plaintiff P.N. was being sent to a boarding school that would protect him from dangerous conditions, including child abuse, child neglect, torture, and malnutrition.

410.    Based on the representations of the Defendants, including the Consultant Defendants, Plaintiff P.N.'s parents placed Plaintiff P.N. in the care and custody of the Transporter Defendants and the Atlantis Defendants, believing that she was sending Plaintiff P.N. to a boarding school that would provide an education to him through Defendant Forest Trail and not deprive him of an education.

411.    Based on the representations of the Defendants, including the Consultant Defendants, Plaintiff P.N. was placed in the care and custody of the Transporter Defendants and the Atlantis Defendants, believing that he was being sent to a boarding school that would feed him and provide him with appropriate water and other required nutrition.

412.    Each of the Defendants' actions and omissions, including those of the Consultant Defendants, constitute a successful conspiracy to commit fraud.

413.    Defendants' conspiracy was a vehicle for imputing the tortious acts of one co-conspirator to another.

414.    Each act performed by each Defendant was done in pursuance of a conspiracy and is an act for which each is jointly and severally liable.

415.    Once the existence of a conspiracy was established, and a party's membership in the conspiracy was established, each Defendant became liable for the acts of all members of the conspiracy in furtherance of the conspiracy, regardless of the nature of their own actions.

416.     Each Defendant, individually, who knowingly joined this conspiracy, even at a later date, took the conspiracy as he/she/it found it and is liable for all acts previously or subsequently done in pursuance of this conspiracy.

417.     The Consultant Defendants, as members of a civil conspiracy, are liable for all acts and/or omissions described above in Counts 13-16 of any co-conspirator done in pursuance of the conspiracy.

418.     As a direct and proximate result of the fraudulent concealment and/or suppression of material information caused by the Consultant Defendants, minor Plaintiff P.N. suffered severe bodily harm and emotional distress.

419.     As a direct and proximate result of the fraudulent concealment and/or suppression of material information of the Consultant Defendants, minor Plaintiff P.N. was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor, P.N., has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

420.     As a further direct and proximate result of the fraudulent concealment and/or suppression of material information of the Consultant Defendants, minor Plaintiff P.N. has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

421.     As a direct and proximate result of the fraudulent concealment and/or suppression of material information of the Consultant Defendants, Plaintiff has had to incur medical expenses for his care. These expenses occurred in the past and are expected to occur in the future.

422.     As a further direct and proximate result of the fraudulent concealment and/or suppression of material information of the Consultant Defendants minor Plaintiff P.N. has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff P.N. demands judgment against Defendants Lisa Cook, Randall Cook, and Core Solutions, LLC, in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

## COUNT XXI
### FRAUDULENT MISREPRESENTATION
#### *Plaintiff v. Defendant Forest Trail*

423.     Being at an exact time unknown to Plaintiff, and continuing even today, the Defendants, including Defendant Forest Trail, have carried out, and continue to carry out, a campaign designed to misrepresent to the public, Plaintiff P.N., Plaintiff P.N.'s parents, and other parents and legal guardians as to the alleged safety and security of ALA.

424.     Defendant Forest Trail carried out this scheme by misrepresenting their knowledge concerning the following:

    a. The failure to provide a safety and danger-free environment to the children residing at ALA;

    b. The child abuse and child neglect occurring at ALA;

    c. The inhumane treatment of children occurring at ALA;

    d. The torture used at ALA;

    e. The educational neglect occurring at ALA;

     f.   Their accreditation of ALA;

     g.   The forced labor at ALA;

     h.   The lack of nutrition and deprivation of water and food at ALA;

     i.   The deprivation of basic human rights occurring at ALA;

     j.   The cruel and unusual punishment occurring at ALA, including waterboarding and severe beatings, fights, and hitting occurring by staff members, employees, and residents; and

     k.   Other information not yet discovered.

425.    Defendant Forest Trail misrepresented vast amounts of information regarding the truth behind the activities at ALA for many years.

426.    In fact, since the Jamaican Child Protective authorities forcibly removed children from ALA in February of 2024, Forest Trail changed their website to remove any affiliation with ALA.

427.    Defendant Forest Trail misrepresented their actual knowledge concerning their own involvement in recruiting, promoting, marketing, advertising, running, transporting, supervising, and profiting off ALA.

428.    Defendant Forest Trail made material misrepresentations by telling the public, including Plaintiff P.N. and Plaintiff P.N.'s parents the following:

     a.   ALA was allegedly a safe place to send their children;

     b.   ALA will allegedly protect their children;

     c.   ALA will allegedly provide educational resources for their children;

     d.   ALA will not hurt your children;

     e.   ALA is educational institutions with suitable standards;[6]

---

[6] *See* Forest Trail Academy Website, "History and Accreditations" (https://foresttrailacademy.com/about/school-profile/accreditationmemberships/) (last visited October 30, 2024), attached hereto as Exhibit "E"; Exhibit "B".

f.   ALA is a partner of Forest Trail Academy;[7]

g.   ALA is an accredited educational institution;[8]

h.   Though accrediting ALA, partnering with ALA, and co-signing, supporting, and reinforcing the misrepresentations made by the Atlantis Defendants, including those on the ALA website, which include, but are not limited to the representations made in subsections "i" through "o" in the instant paragraph;

i.   ALA is "an affordable, structured Boarding Academy service young men who possess strong leadership skills, though they've taken some wrong turns in their lives";[9]

j.   Atlantis Leadership Academy has a "culture focused around a daily balanced atmosphere of Accountability, Personal Health, Hard Work, Service to Others, and above all, Leadership";[10]

k.   "For the young men [ALA] mentor[s], we believe Leadership is the all-encompassing component. We help a young man break down the various issues or challenges in their life and help them focus on one ingredient at a time."[11]

l.   That the children at ALA will "learn how to slow down their lives and truly listen. They learn the value of integrity, about forgiveness and compassion for others, patience and so on";[12]

m.  ALA "help[s] these young men restart their lives and in turn, reconnect and become whole and healthy with their families once again"'[13]

n.   "A Boarding Academy is not intended, nor should ever be viewed or used as a punishment. Quite simply, it's a bold opportunity for a fresh start. As with any of us, true change comes from the heart which is located on the inside, not the out. You cannot change from the outside in, only the inside out";[14]

o.   "Atlantis Leadership Academy stands ready to help your son reconnect with his true self. ALA will help him tap into his strength of leadership and self-worth, moving forward in life with a confidence based in strong values and new life skills that will see him prepared for a healthy, balanced, and successful future";[15] and

---

[7] *See* Exhibits "B", "C", and "D".
[8] *See* Exhibits "B", "C", and "D".
[9] *See* Exhibit "A".
[10] *See* Exhibit "A".
[11] *See* Exhibit "A".
[12] *See* Exhibit "A".
[13] *See* Exhibit "A".
[14] *See* Exhibit "A".
[15] *See* Exhibit "A".

      p.  Other misrepresentations not yet known.

429.    When Defendant Forest Trail made these misrepresentations, they knew or should have known these were false and misleading statements.

430.    When Defendant Forest Trail made these misrepresentations, they intended that the public, including Plaintiff P.N. and Plaintiff P.N.'s parents would both believe in and rely upon such statements and knew or should have known that these statements would permeate confidence and assurance that ALA was a safe place to send their children.

431.    At all times material, Defendant Forest Trail knew or should have known that ALA was not a safe place and that child abuse, child neglect, torture, and malnourishment occurred, yet they publicly misrepresented the truth in order to acquire more children to attend the program and profit off those children and their parents.

432.    The success of the fraud and conspiracy of ALA depended upon the concerted action of all Defendants, as the scheme required placement specialists, such as Lisa Cook and Randall cook and their employer, Defendant Core Solutions, to recommend, market, advertise, promote, and mislead vulnerable parents and guardians to recruit children to attend the facility.

433.    Defendant Forest Trail's accreditation of ALA effectively recommended, endorsed, marketed, advertised, and promoted ALA to vulnerable parents and guardians who were misled by Defendant Forest Trail's representations that ALA—through Forest Trail—would be providing educational services to children they entrusted to ALA.

434.    Moreover, ALA required the transportation services, such as The Transporter Defendants, to assure parents and guardians that their children would be accounted for, cared for, and protected while they transported them to an allegedly safe institution.

435.    All Defendants worked together and received financial gain through compensation, bonuses, kickbacks, and/or benefits from recruiting children to attend ALA, transporting children from the United States to ALA, and purportedly providing online educational courses to children at ALA.

436.    The success of the fraud and misrepresentation of ALA depended upon the concerted action of all Defendants, including Forest Trail, for otherwise the revelation by one individual or entity of what it knew about regarding the child abuse, child neglect, and malnourishment, would have thwarted the conspiracy.

437.    The aforementioned information and/or knowledge was misrepresented and/or suppressed by Defendants and was misrepresented for the purpose of inducing Plaintiff P.N. to at ALA.

438.    Plaintiff P.N., Plaintiff P.N.'s parents, and other parents and legal guardians similarly justifiably relied upon Defendants' misrepresentations, including those made by Forest Trail, to protect their children and provide an allegedly therapeutic and educational boarding school.

439.    Plaintiff P.N., Plaintiff P.N.'s parents, and other parents and legal guardians, were unaware of the danger occurring at ALA.

440.    At all times material, Defendants, including Forest Trail, had superior knowledge regarding the child abuse, child neglect, torture, and malnourishment occurring at ALA.

441.    As a direct and proximate result of the Defendants' misrepresentations, including those made by Defendant Forest Trail, minor Plaintiff P.N., suffered severe bodily harm and emotional distress.

442.   As a direct and proximate result of the Defendants' misrepresentations, including those of Defendant Forest Trail, minor Plaintiff P.N. was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor Plaintiff P.N. has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

443.   As a further direct and proximate result of the Defendants' misrepresentations, including those of Defendant Forest Trail, minor Plaintiff P.N., has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

444.   As a direct and proximate result of the Defendants' misrepresentations, including those of Defendant Forest Trail, Plaintiff P.N. has had to incur medical expenses for his care. These expenses occurred in the past and are expected to occur in the future.

445.   As a further direct and proximate result of the Defendants' misrepresentations, including those of Defendant Forest Trail, minor Plaintiff P.N., has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff P.N. demands judgment  against Defendant Forest Trail Academy, LLC, in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

## COUNT XXII
## FRAUDULENT MISREPRESENTATION
### *Plaintiff v. The Atlantis Defendants*

446.    Being at an exact time unknown to Plaintiff, and continuing even today, the Defendants, and including the Atlantis Defendants themselves, have carried out, and continue to carry out, a campaign designed to misrepresent to the public, Plaintiff P.N., Plaintiff P.N.'s parents, and other parents and legal guardians as to the alleged safety and security of ALA.

447.    The Atlantis Defendants carried out this scheme by misrepresenting their knowledge concerning the following:

    a.   The failure to provide a safety and danger-free environment to the children residing at ALA;

    b.   The child abuse and child neglect occurring at ALA;

    c.   The inhumane treatment of children occurring at ALA;

    d.   The torture used at ALA;

    e.   The educational neglect occurring at ALA;

    f.   The accreditation of ALA;

    g.   The forced labor at ALA;

    h.   The lack of nutrition and deprivation of water and food at ALA;

    i.   The deprivation of basic human rights occurring at ALA;

    j.   The cruel and unusual punishment occurring at ALA, including waterboarding and severe beatings, fights, and hitting occurring by staff members, employees, and residents; and

    k.   Other information not yet discovered.

448.    The Atlantis Defendants misrepresented vast amounts of information regarding the truth behind the activities at ALA for many years.

449.   The Atlantis Defendants misrepresented their actual knowledge concerning their own involvement in recruiting, promoting, marketing, advertising, running, transporting, supervising, and profiting off ALA.

450.   The Atlantis Defendants made material misrepresentations by telling the public, including Plaintiff P.N. and Plaintiff P.N.'s parents the following:

a.   ALA was allegedly a safe place to send their children;

b.   ALA will allegedly protect their children;

c.   ALA will allegedly provide educational resources for their children;

d.   ALA will not hurt your children;

e.   ALA is educational institutions with suitable standards;[16]

f.   ALA is a partner of Forest Trail Academy;[17]

g.   ALA is an accredited educational institution;[18]

h.   ALA is "an affordable, structured Boarding Academy service young men who possess strong leadership skills, though they've taken some wrong turns in their lives";[19]

i.   Atlantis Leadership Academy has a "culture focused around a daily balanced atmosphere of Accountability, Personal Health, Hard Work, Service to Others, and above all, Leadership";[20]

j.   "For the young men [ALA] mentor[s], we believe Leadership is the all-encompassing component. We help a young man break down the various issues or challenges in their life and help them focus on one ingredient at a time."[21]

k.   That the children at ALA will "learn how to slow down their lives and truly listen. They learn the value of integrity, about forgiveness and compassion for others, patience and so on";[22]

---

[16] *See* Exhibit "B" and "E".
[17] *See* Exhibits "B", "C", and "D".
[18] *See* Exhibits "B", "C", and "D".
[19] *See* Exhibit "A".
[20] *See* Exhibit "A".
[21] *See* Exhibit "A".
[22] *See* Exhibit "A".

l.  ALA "help[s] these young men restart their lives and in turn, reconnect and become whole and healthy with their families once again"[23]

m.  "A Boarding Academy is not intended, nor should ever be viewed or used as a punishment. Quite simply, it's a bold opportunity for a fresh start. As with any of us, true change comes from the heart which is located on the inside, not the out. You cannot change from the outside in, only the inside out";[24]

n.  "Atlantis Leadership Academy stands ready to help your son reconnect with his true self. ALA will help him tap into his strength of leadership and self-worth, moving forward in life with a confidence based in strong values and new life skills that will see him prepared for a healthy, balanced, and successful future";[25] and

o.  Other misrepresentations not yet known.

451.    When the Atlantis Defendants made these misrepresentations, they knew or should have known these were false and misleading statements.

452.    When the Atlantis Defendants made these misrepresentations, they intended that the public, including Plaintiff P.N. and Plaintiff P.N.'s parents would both believe in and rely upon such statements and knew or should have known that these statements would permeate confidence and assurance that ALA was a safe place to send their children.

453.    At all times material, the Atlantis Defendants knew or should have known that ALA was not a safe place and that child abuse, child neglect, torture, and malnourishment occurred, yet they publicly misrepresented the truth in order to acquire more children to attend the program and profit off those children and their parents.

454.    The success of the fraud and conspiracy of ALA depended upon the concerted action of all Defendants, as the scheme required placement specialists, such as Lisa Cook and Randall Cook and their employer, Defendant Core Solutions, to recommend, market, advertise, promote, and mislead vulnerable parents and guardians to recruit children to attend the facility.

---

[23] *See* Exhibit "A".
[24] *See* Exhibit "A".
[25] *See* Exhibit "A".

455.    Defendant Forest Trail's accreditation of ALA effectively recommended, endorsed, marketed, advertised, and promoted ALA to vulnerable parents and guardians who were misled by Defendant Forest Trail's representations that ALA—through Forest Trail—would be providing educational services to children they entrusted to ALA.

456.    Moreover, ALA required the transportation services, such as The Transporter Defendants, to assure parents and guardians that their children would be accounted for, cared for, and protected while they transported them to an allegedly safe institution.

457.    All Defendants worked together and received financial gain through compensation, bonuses, kickbacks, and/or benefits from recruiting children to attend ALA, transporting children from the United States to ALA, and purportedly providing online educational courses to children at ALA.

458.    The success of the fraud and misrepresentation of ALA depended upon the concerted action of all Defendants, including the Atlantis Defendants themselves, for otherwise the revelation by one individual or entity of what it knew about regarding the child abuse, child neglect, and malnourishment, would have thwarted the conspiracy.

459.    The aforementioned information and/or knowledge was misrepresented and/or suppressed by Defendants and was misrepresented for the purpose of inducing Plaintiff P.N. to enroll at ALA.

460.    Plaintiff P.N., Plaintiff P.N.'s parents, and other parents and legal guardians similarly justifiably relied upon Defendants' misrepresentations, including those made by the Atlantis Defendants, to protect their children and provide an allegedly therapeutic and educational boarding school.

461.    Plaintiff P.N., Plaintiff P.N.'s parents, and other parents and legal guardians, were unaware of the danger occurring at ALA.

462.    At all times material, Defendants, including the Atlantis Defendants themselves, had superior knowledge regarding the child abuse, child neglect, torture, and malnourishment occurring at ALA.

463.    As a direct and proximate result of the Defendants' misrepresentations, including those made by the Atlantis Defendants, minor Plaintiff P.N., suffered severe bodily harm and emotional distress.

464.    As a direct and proximate result of the Defendants' misrepresentations, including those of the Atlantis Defendants, minor Plaintiff P.N. was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor Plaintiff P.N. has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

465.    As a further direct and proximate result of the Defendants' misrepresentations, including those of the Atlantis Defendants, minor Plaintiff P.N., has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

466.     As a direct and proximate result of the Defendants' misrepresentations, including those of the Atlantis Defendants, Plaintiff P.N. has had to incur medical expenses for his care. These expenses occurred in the past and are expected to occur in the future.

467.     As a further direct and proximate result of the Defendants' misrepresentations, including those of the Atlantis Defendants, minor Plaintiff P.N., has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff P.N. demands judgment against Defendants Atlantis Leadership Academy, LLC, Randall Cook, and Lisa Cook in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

<u>**COUNT XXIII**</u>
**FRAUDULENT MISREPRESENTATION**
***Plaintiff v. The Transporter Defendants***

468.     Being at an exact time unknown to Plaintiff, and continuing even today, the Defendants, and including The Transporter Defendants, have carried out, and continue to carry out, a campaign designed to misrepresent to the public, Plaintiff P.N., Plaintiff P.N.'s parents, and other parents and legal guardians as to the alleged safety and security of ALA.

469.     The Transporter Defendants carried out this scheme by misrepresenting their knowledge concerning the following:

      a.  The failure to provide a safety and danger-free environment to the children residing at ALA;

      b.  The child abuse and child neglect occurring at ALA;

      c.  The inhumane treatment of children occurring at ALA;

      d.  The torture used at ALA;

    e.   The educational neglect occurring at ALA;

    f.   The accreditation of ALA;

    g.   The forced labor at ALA;

    h.   The lack of nutrition and deprivation of water and food at ALA;

    i.   The deprivation of basic human rights occurring at ALA;

    j.   The cruel and unusual punishment occurring at ALA, including waterboarding and severe beatings, fights, and hitting occurring by staff members, employees, and residents; and

    k.   Other information not yet discovered.

470.    The Transporter Defendants misrepresented vast amounts of information regarding the truth behind the activities at ALA for many years.

471.    The Transporter Defendants misrepresented their actual knowledge concerning their own involvement in recruiting, promoting, marketing, advertising, running, transporting, supervising, and profiting off ALA.

472.    The Transporter Defendants made material misrepresentations by telling the public, including Plaintiff P.N. and Plaintiff P.N.'s parents the following:

    a.   ALA was allegedly a safe place to send their children;

    b.   ALA will allegedly protect their children;

    c.   ALA will allegedly provide educational resources for their children;

    d.   ALA will not hurt your children;

    e.   ALA is educational institutions with suitable standards;[26]

    f.   ALA is a partner of Forest Trail Academy;[27]

    g.   ALA is an accredited educational institution;[28]

---

[26] *See* Exhibits "B" and "E".
[27] *See* Exhibits "B", "C", and "D".
[28] *See* Exhibits "B", "C", and "D".

h.   the Transporter Defendants will protect children entrusted to them from harm;

i.   the Transporter Defendants had transported children to ALA in the past and that it was a safe place to send their children;

j.   Through partnering with ALA, and co-signing, supporting, and reinforcing the misrepresentations made by the Atlantis Defendants, including those on the ALA website, which include, but are not limited to the representations made in subsections "j" through "q" in the instant paragraph;

k.   ALA is "an affordable, structured Boarding Academy service young men who possess strong leadership skills, though they've taken some wrong turns in their lives";[29]

l.   Atlantis Leadership Academy has a "culture focused around a daily balanced atmosphere of Accountability, Personal Health, Hard Work, Service to Others, and above all, Leadership";[30]

m.   "For the young men [ALA] mentor[s], we believe Leadership is the all-encompassing component. We help a young man break down the various issues or challenges in their life and help them focus on one ingredient at a time."[31]

n.   That the children at ALA will "learn how to slow down their lives and truly listen. They learn the value of integrity, about forgiveness and compassion for others, patience and so on";[32]

o.   ALA "help[s] these young men restart their lives and in turn, reconnect and become whole and healthy with their families once again"'[33]

p.   "A Boarding Academy is not intended, nor should ever be viewed or used as a punishment. Quite simply, it's a bold opportunity for a fresh start. As with any of us, true change comes from the heart which is located on the inside, not the out. You cannot change from the outside in, only the inside out";[34]

q.   "Atlantis Leadership Academy stands ready to help your son reconnect with his true self. ALA will help him tap into his strength of leadership and self-worth, moving forward in life with a confidence based in strong values and new life skills that will see him prepared for a healthy, balanced, and successful future";[35] and

---

[29] *See* Exhibit "A".
[30] *See* Exhibit "A".
[31] *See* Exhibit "A".
[32] *See* Exhibit "A".
[33] *See* Exhibit "A".
[34] *See* Exhibit "A".
[35] *See* Exhibit "A".

r.   Other misrepresentations not yet known.

473.   When The Transporter Defendants made these misrepresentations, they knew or should have known these were false and misleading statements.

474.   When the Transporter Defendants made these misrepresentations, they intended that the public, including Plaintiff P.N. and Plaintiff P.N.'s parents would both believe in and rely upon such statements and knew or should have known that these statements would permeate confidence and assurance that ALA was a safe place to send their children.

475.   At all times material, the Transporter Defendants knew or should have known that ALA was not a safe place and that child abuse, child neglect, torture, and malnourishment occurred, yet they publicly misrepresented the truth in order to acquire more children to attend the program and profit off those children and their parents.

476.   The success of the fraud and conspiracy of ALA depended upon the concerted action of all Defendants, as the scheme required placement specialists, such as Lisa Cook and Randall Cook and their employer, Defendant Core Solutions, to recommend, market, advertise, promote, and mislead vulnerable parents and guardians to recruit children to attend the facility.

477.   Defendant Forest Trail's accreditation of ALA effectively recommended, endorsed, marketed, advertised, and promoted ALA to vulnerable parents and guardians who were misled by Defendant Forest Trail's representations that ALA—through Forest Trail—would be providing educational services to children they entrusted to ALA.

478.   Moreover, ALA required the transportation services, such as The Transporter Defendants, to assure parents and guardians that their children would be accounted for, cared for, and protected while they transported them to an allegedly safe institution.

479.   All Defendants worked together and received financial gain through compensation, bonuses, kickbacks, and/or benefits from recruiting children to attend ALA, transporting children from the United States to ALA, and purportedly providing online educational courses to children at ALA.

480.   The success of the fraud and misrepresentation of ALA depended upon the concerted action of all Defendants, including The Transporter Defendants, for otherwise the revelation by one individual or entity of what it knew about regarding the child abuse, child neglect, and malnourishment, would have thwarted the conspiracy.

481.   The aforementioned information and/or knowledge was misrepresented and/or suppressed by Defendants and was misrepresented for the purpose of inducing Plaintiff P.N. to enroll at ALA.

482.   Plaintiff P.N., Plaintiff P.N.'s parents, and other parents and legal guardians similarly justifiably relied upon Defendants' misrepresentations, including those made by The Transporter Defendants, to protect their children and provide an allegedly therapeutic and educational boarding school.

483.   Plaintiff P.N., Plaintiff P.N.'s parents, and other parents and legal guardians, were unaware of the danger occurring at ALA.

484.   At all times material, Defendants, including The Transporter Defendants, had superior knowledge regarding the child abuse, child neglect, torture, and malnourishment occurring at ALA.

485.   As a direct and proximate result of the Defendants' misrepresentations, including those made by The Transporter Defendants, minor Plaintiff P.N., suffered severe bodily harm and emotional distress.

486.    As a direct and proximate result of the Defendants' misrepresentations, including those of The Transporter Defendants, minor Plaintiff P.N. was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor Plaintiff P.N. has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

487.    As a further direct and proximate result of the Defendants' misrepresentations, including those of The Transporter Defendants, minor Plaintiff P.N., has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

488.    As a direct and proximate result of the Defendants' misrepresentations, including those of The Transporter Defendants, Plaintiff P.N. has had to incur medical expenses for his care. These expenses occurred in the past and are expected to occur in the future.

489.    As a further direct and proximate result of the Defendants' misrepresentations, including those of The Transporter Defendants, minor Plaintiff P.N., has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff P.N. demands judgment against Defendants Jodi Stewman, Randy Stewman and United Secure Youth Transport Agency, LLC, in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in

compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

## COUNT XXIV
## FRAUDULENT MISREPRESENTATION
### *Plaintiff v. The Consultant Defendants*

490.   Being at an exact time unknown to Plaintiff, and continuing even today, the Defendants, and including the Consultant Defendants, have carried out, and continue to carry out, a campaign designed to misrepresent to the public, Plaintiff P.N., Plaintiff P.N.'s parents, and other parents and legal guardians as to the alleged safety and security of ALA.

491.   The Consultant carried out this scheme by misrepresenting their knowledge concerning the following:

a.   The failure to provide a safety and danger-free environment to the children residing at ALA;

b.   The child abuse and child neglect occurring at ALA;

c.   The inhumane treatment of children occurring at ALA;

d.   The torture used at ALA;

e.   The educational neglect occurring at ALA;

f.   The accreditation of ALA;

g.   The forced labor at ALA;

h.   The lack of nutrition and deprivation of water and food at ALA;

i.   The deprivation of basic human rights occurring at ALA;

j.   The cruel and unusual punishment occurring at ALA, including waterboarding and severe beatings, fights, and hitting occurring by staff members, employees, and residents; and

k.   Other information not yet discovered.

110

492.    The Consultant Defendants misrepresented vast amounts of information regarding the truth behind the activities at ALA for many years.

493.    The Consultant Defendants misrepresented their actual knowledge concerning their own involvement in recruiting, promoting, marketing, advertising, running, transporting, supervising, and profiting off ALA.

494.    The Consultant Defendants made material misrepresentations by telling the public, including Plaintiff P.N. and Plaintiff P.N.'s parents the following:

    a.   ALA was allegedly a safe place to send their children;

    b.   ALA will allegedly protect their children;

    c.   ALA will allegedly provide educational resources for their children;

    d.   ALA will not hurt your children;

    e.   ALA is educational institutions with suitable standards;[36]

    f.   ALA is a partner of Forest Trail Academy.[37]

    g.   ALA is an accredited educational institution;[38]

    h.   The Consultant Defendants will provide suitable options for placement of your child that will allegedly protect your child;

    i.   The Consultant Defendants have sent children to ALA before and it was a safe place to send their children;

    j.   Through partnering with ALA, and co-signing, supporting, and reinforcing the misrepresentations made by the Atlantis Defendants, including those on the ALA website, which include, but are not limited to the representations made in subsections "j" through "q" in the instant paragraph;

    k.   ALA is "an affordable, structured Boarding Academy service young men who possess strong leadership skills, though they've taken some wrong turns in their lives";[39]

---

[36] *See* Exhibits "B" and "E".
[37] *See* Exhibits "B", "C", and "D".
[38] *See* Exhibits "B", "C", and "D".
[39] *See* Exhibit "A".

111

l. Atlantis Leadership Academy has a "culture focused around a daily balanced atmosphere of Accountability, Personal Health, Hard Work, Service to Others, and above all, Leadership";[40]

m. "For the young men [ALA] mentor[s], we believe Leadership is the all-encompassing component. We help a young man break down the various issues or challenges in their life and help them focus on one ingredient at a time."[41]

n. That the children at ALA will "learn how to slow down their lives and truly listen. They learn the value of integrity, about forgiveness and compassion for others, patience and so on";[42]

o. ALA "help[s] these young men restart their lives and in turn, reconnect and become whole and healthy with their families once again"'[43]

p. "A Boarding Academy is not intended, nor should ever be viewed or used as a punishment. Quite simply, it's a bold opportunity for a fresh start. As with any of us, true change comes from the heart which is located on the inside, not the out. You cannot change from the outside in, only the inside out";[44]

q. "Atlantis Leadership Academy stands ready to help your son reconnect with his true self. ALA will help him tap into his strength of leadership and self-worth, moving forward in life with a confidence based in strong values and new life skills that will see him prepared for a healthy, balanced, and successful future";[45] and

r. Other misrepresentations not yet known.

495. When the Consultant Defendants made these misrepresentations, they knew or should have known these were false and misleading statements.

496. When the Consultant Defendants made these misrepresentations, they intended that the public, including Plaintiff P.N. and Plaintiff P.N.'s parents would both believe in and rely upon such statements and knew or should have known that these statements would permeate confidence and assurance that ALA was a safe place to send their children.

---

[40] *See* Exhibit "A".
[41] *See* Exhibit "A".
[42] *See* Exhibit "A".
[43] *See* Exhibit "A".
[44] *See* Exhibit "A".
[45] *See* Exhibit "A".

497.    At all times material, the Consultant Defendants knew or should have known that ALA was not a safe place and that child abuse, child neglect, torture, and malnourishment occurred, yet they publicly misrepresented the truth in order to acquire more children to attend the program and profit off those children and their parents.

498.    The success of the fraud and conspiracy of ALA depended upon the concerted action of all Defendants, as the scheme required placement specialists, such as Lisa Cook and Randall Cook and their employer, Defendant Core Solutions, to recommend, market, advertise, promote, and mislead vulnerable parents and guardians to recruit children to attend the facility.

499.    Defendant Forest Trail's accreditation of ALA effectively recommended, endorsed, marketed, advertised, and promoted ALA to vulnerable parents and guardians who were misled by Defendant Forest Trail's representations that ALA—through Forest Trail—would be providing educational services to children they entrusted to ALA.

500.    Moreover, ALA required the transportation services, such as The Transporter Defendants, to assure parents and guardians that their children would be accounted for, cared for, and protected while they transported them to an allegedly safe institution.

501.    All Defendants worked together and received financial gain through compensation, bonuses, kickbacks, and/or benefits from recruiting children to attend ALA, transporting children from the United States to ALA, and purportedly providing online educational courses to children at ALA.

502.    The success of the fraud and misrepresentation of ALA depended upon the concerted action of all Defendants, including the Consultant Defendants, for otherwise the revelation by one individual or entity of what it knew about regarding the child abuse, child neglect, and malnourishment, would have thwarted the conspiracy.

503.    The aforementioned information and/or knowledge was misrepresented and/or suppressed by Defendants and was misrepresented for the purpose of inducing Plaintiff P.N. to enroll at ALA.

504.    Plaintiff P.N., Plaintiff P.N.'s parents, and other parents and legal guardians similarly justifiably relied upon Defendants' misrepresentations, including those made by the Consultant Defendants, to protect their children and provide an allegedly therapeutic and educational boarding school.

505.    Plaintiff P.N., Plaintiff P.N.'s parents, and other parents and legal guardians, were unaware of the danger occurring at ALA.

506.    At all times material, Defendants, including the Consultant Defendants, had superior knowledge regarding the child abuse, child neglect, torture, and malnourishment occurring at ALA.

507.    As a direct and proximate result of the Defendants' misrepresentations, including those made by the Consultant Defendants, minor Plaintiff P.N., suffered severe bodily harm and emotional distress.

508.    As a direct and proximate result of the Defendants' misrepresentations, including those of the Consultant Defendants, minor Plaintiff P.N. was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor Plaintiff P.N. has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which

conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

509.     As a further direct and proximate result of the Defendants' misrepresentations, including those of the Consultant Defendants, minor Plaintiff P.N., has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

510.     As a direct and proximate result of the Defendants' misrepresentations, including those of the Consultant Defendants, Plaintiff P.N. has had to incur medical expenses for his care. These expenses occurred in the past and are expected to occur in the future.

511.     As a further direct and proximate result of the Defendants' misrepresentations, including those of the Consultant Defendants, minor Plaintiff P.N., has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff P.N. demands judgment against Defendants Lisa Cook, Randall Cook, and Core Solutions, LLC, in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

**COUNT XXV**
**CONSPIRACY TO COMMIT FRAUDULENT MISREPRESENTATION**
***Plaintiff v. Defendant Forest Trail***

512.     Defendants, including Defendant Forest Trail, unlawfully agreed to misrepresent or omit, and did in fact misrepresent or omit, information regarding the child abuse, child neglect, torture, and malnourishment of children occurring at ALA and the public, including Plaintiff P.N. and Plaintiff P.N.'s parents relied on this information to the detriment of minor P.N.

513.    Defendants agreed to execute their scheme by performing the above-mentioned unlawful acts/misrepresentations described in Counts 21-24 above and/or by doing lawful acts/misrepresentations by unlawful means.

514.    The misrepresented and omitted information described above was material information regarding the safety and protection of minor children, including minor Plaintiff P.N.

515.    Plaintiff P.N. relied to his detriment upon the misrepresentation and omission of such information to attend ALA based on the representations of Defendants, including those of Defendant Forest Trail.

516.    Plaintiff P.N. believed that he was being sent to a boarding school that would protect him from dangerous conditions, including child abuse, child neglect, torture, and malnutrition.

517.    Plaintiff P.N. believed that he was being sent to a boarding school that would provide him with an education and not deprive him of an education.

518.    Plaintiff P.N. believed that he was being sent to a boarding school that would feed him and provide him appropriate water and nutrition.

519.    Each of the Defendants' misrepresentations and omissions, including those of Defendant Forest Trail, constituted a successful conspiracy to commit fraudulent misrepresentations.

520.    Defendants' conspiracy was a vehicle for imputing the tortious acts of one co-conspirator to another.

521.    Each act performed by each Defendant was done in pursuance of a conspiracy and is an act for which each is jointly and severally liable.

116

522.    Once the existence of a conspiracy was established, and a party's membership in the conspiracy was established, each Defendant is liable for the acts of all members of the conspiracy in furtherance of the conspiracy regardless of the nature of their own actions.

523.    Each Defendant, individually, who knowingly joined this conspiracy, even at a later date, took the conspiracy as he/she/it finds it and is liable for all acts previously or subsequently done in pursuance of this conspiracy.

524.    Defendants, including Defendant Forest Trail, as members of a civil conspiracy, are liable for all acts and/or omissions of any co-conspirator done in pursuance of the conspiracy.

525.    As a direct and proximate result of this conspiracy, minor Plaintiff P.N. suffered severe bodily harm and emotional distress.

526.    As a direct and proximate result of this conspiracy and the acts of Defendant Forest Trail done in furtherance of this conspiracy, minor Plaintiff P.N. was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor Plaintiff P.N., has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

527.    As a further direct and proximate result of this conspiracy and the acts of Defendant Forest Trail done in furtherance of this conspiracy, minor Plaintiff P.N. has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

528.     As a direct and proximate result of this conspiracy and the acts of Defendant Forest Trail done in furtherance of this conspiracy, Plaintiff P.N. has had to incur medical expenses for his care. These expenses occurred in the past and are expected to occur in the future.

529.     As a further direct and proximate result of this conspiracy and the acts of Defendant Forest Trail done in furtherance of this conspiracy, minor Plaintiff P.N. has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff P.N. demands judgment  against Defendant Forest Trail Academy, LLC, in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

## <u>COUNT XXVI</u>
## CONSPIRACY TO COMMIT FRAUDULENT MISREPRESENTATION
### *Plaintiff v. The Atlantis Defendants*

530.     Defendants, including the Atlantis Defendants themselves, unlawfully agreed to misrepresent or omit, and did in fact misrepresent or omit, information regarding the child abuse, child neglect, torture, and malnourishment of children occurring at ALA and the public, including Plaintiff P.N. and Plaintiff P.N.'s parents relied on this information to the detriment of minor P.N.

531.     Defendants agreed to execute their scheme by performing the above-mentioned unlawful acts/misrepresentations described in in Counts 21-24 above and/or by doing lawful acts/misrepresentations by unlawful means.

532.     The misrepresented and omitted information described above was material information regarding the safety and protection of minor children, including minor Plaintiff P.N.

533.    Plaintiff P.N. relied to his detriment upon the misrepresentation and omission of such information to attend ALA based on the representations of Defendants, including those of the Atlantis Defendants themselves.

534.    Plaintiff P.N. believed that he was being sent to a boarding school that would protect him from dangerous conditions, including child abuse, child neglect, torture, and malnutrition.

535.    Plaintiff P.N. believed that he was being sent to a boarding school that would provide him with an education and not deprive him of an education.

536.    Plaintiff P.N. believed that he was being sent to a boarding school that would feed him and provide him appropriate water and nutrition.

537.    Each of the Defendants' misrepresentations and omissions, including those of Defendant the Atlantis Defendants, constituted a successful conspiracy to commit fraudulent misrepresentations.

538.    Defendants' conspiracy was a vehicle for imputing the tortious acts of one co-conspirator to another.

539.    Each act performed by each Defendant was done in pursuance of a conspiracy and is an act for which each is jointly and severally liable.

540.    Once the existence of a conspiracy was established, and a party's membership in the conspiracy was established, each Defendant is liable for the acts of all members of the conspiracy in furtherance of the conspiracy regardless of the nature of their own actions.

541.    Each Defendant, individually, who knowingly joined this conspiracy, even at a later date, took the conspiracy as he/she/it finds it and is liable for all acts previously or subsequently done in pursuance of this conspiracy.

542.     Defendants, including the Atlantis Defendants, as members of a civil conspiracy, are liable for all acts and/or omissions of any co-conspirator done in pursuance of the conspiracy.

543.     As a direct and proximate result of this conspiracy, minor Plaintiff P.N. suffered severe bodily harm and emotional distress.

544.     As a direct and proximate result of this conspiracy and the acts of the Atlantis Defendants done in furtherance of this conspiracy, minor Plaintiff P.N. was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor Plaintiff P.N., has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

545.     As a further direct and proximate result of this conspiracy and the acts of the Atlantis Defendants done in furtherance of this conspiracy, minor Plaintiff P.N. has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

546.     As a direct and proximate result of this conspiracy and the acts of the Atlantis Defendants done in furtherance of this conspiracy, Plaintiff P.N. has had to incur medical expenses for his care. These expenses occurred in the past and are expected to occur in the future.

547.     As a further direct and proximate result of this conspiracy and the acts of the Atlantis Defendants done in furtherance of this conspiracy, minor Plaintiff P.N. has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff P.N. demands judgment against Defendant Atlantis Leadership Academy, LLC, Randall Cook, and Lisa Cook in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

## COUNT XXVII
## CONSPIRACY TO COMMIT FRAUDULENT MISREPRESENTATION
### *Plaintiff v. The Transporter Defendants*

548.    Defendants, including The Transporter Defendants, unlawfully agreed to misrepresent or omit, and did in fact misrepresent or omit, information regarding the child abuse, child neglect, torture, and malnourishment of children occurring at ALA and the public, including Plaintiff P.N. and Plaintiff P.N.'s parents relied on this information to the detriment of minor P.N.

549.    Defendants agreed to execute their scheme by performing the above-mentioned unlawful acts/misrepresentations described in in Counts 21-24 above and/or by doing lawful acts/misrepresentations by unlawful means.

550.    The misrepresented and omitted information described above was material information regarding the safety and protection of minor children, including minor Plaintiff P.N.

551.    Plaintiff P.N. relied to his detriment upon the misrepresentation and omission of such information to attend ALA based on the representations of Defendants, including those of the Transporter Defendants.

552.    Plaintiff P.N. was placed in the care and custody of the Transporter Defendants to transport him to ALA, believing that he was being sent to a boarding school that would protect him from dangerous conditions, including child abuse, child neglect, torture, and malnutrition.

553. Plaintiff P.N. was placed in the care and custody of the Transporter Defendants to transport him to ALA, believing that he was being sent to a boarding school that would provide him with an education through Defendant Forest Trail and not deprive him of an education.

554. Plaintiff P.N. was placed in the care and custody of the Transporter Defendants to transport him to ALA, believing that he was being sent to a boarding school that would feed him and provide him with appropriate water and other required nutrition.

555. Each of the Defendants' misrepresentations and omissions, including those of Defendant the Atlantis Defendants, constituted a successful conspiracy to commit fraudulent misrepresentations.

556. Defendants' conspiracy was a vehicle for imputing the tortious acts of one co-conspirator to another.

557. Each act performed by each Defendant was done in pursuance of a conspiracy and is an act for which each is jointly and severally liable.

558. Once the existence of a conspiracy was established, and a party's membership in the conspiracy was established, each Defendant is liable for the acts of all members of the conspiracy in furtherance of the conspiracy regardless of the nature of their own actions.

559. Each Defendant, individually, who knowingly joined this conspiracy, even at a later date, took the conspiracy as he/she/it finds it and is liable for all acts previously or subsequently done in pursuance of this conspiracy.

560. Defendants, including The Transporter Defendants, as members of a civil conspiracy, are liable for all acts and/or omissions of any co-conspirator done in pursuance of the conspiracy.

561.     As a direct and proximate result of this conspiracy, minor Plaintiff P.N. suffered severe bodily harm and emotional distress.

562.     As a direct and proximate result of this conspiracy and the acts of The Transporter Defendants done in furtherance of this conspiracy, minor Plaintiff P.N. was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor Plaintiff P.N., has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

563.     As a further direct and proximate result of this conspiracy and the acts of The Transporter Defendants done in furtherance of this conspiracy, minor Plaintiff P.N. has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

564.     As a direct and proximate result of this conspiracy and the acts of The Transporter Defendants done in furtherance of this conspiracy, Plaintiff P.N. has had to incur medical expenses for his care. These expenses occurred in the past and are expected to occur in the future.

565.     As a further direct and proximate result of this conspiracy and the acts of The Transporter Defendants done in furtherance of this conspiracy, minor Plaintiff P.N. has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff P.N. demands judgment against Defendants Jodi Stewman, Randy Stewman and United Secure Youth Transport Agency, LLC,  in a sum in excess of Seventy-

Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

**COUNT XXVIII**
**CONSPIRACY TO COMMIT FRAUDULENT MISREPRESENTATION**
***Plaintiff v. The Consultant Defendants***

566.    Defendants, including the Consultant Defendants, unlawfully agreed to misrepresent or omit, and did in fact misrepresent or omit, information regarding the child abuse, child neglect, torture, and malnourishment of children occurring at ALA and the public, including Plaintiff P.N. and Plaintiff P.N.'s parents, relied on this information to the detriment of minor P.N.

567.    Defendants agreed to execute their scheme by performing the above-mentioned unlawful acts/misrepresentations described in in Counts 21-24 above and/or by doing lawful acts/misrepresentations by unlawful means.

568.    The misrepresented and omitted information described above was material information regarding the safety and protection of minor children, including minor Plaintiff P.N.

569.    Plaintiff P.N. relied to his detriment upon the misrepresentation and omission of such information to attend ALA based on the representations of Defendants, including those of the Consultant Defendants.

570.    Plaintiff P.N. believed that he was being sent to a boarding school that would protect him from dangerous conditions, including child abuse, child neglect, torture, and malnutrition.

571.    Plaintiff P.N. believed that he was being sent to a boarding school that would provide him with an education through Defendant Forest Trail and not deprive him of an education.

572.    Plaintiff P.N. believed that he was being sent to a boarding school that would feed him and provide him appropriate water and nutrition.

573.    Each of the Defendants' misrepresentations and omissions, including those of the Transporter Defendants, constituted a successful conspiracy to commit fraudulent misrepresentations.

574.    Defendants' conspiracy was a vehicle for imputing the tortious acts of one co-conspirator to another.

575.    Each act performed by each Defendant was done in pursuance of a conspiracy and is an act for which each is jointly and severally liable.

576.    Once the existence of a conspiracy was established, and a party's membership in the conspiracy was established, each Defendant is liable for the acts of all members of the conspiracy in furtherance of the conspiracy regardless of the nature of their own actions.

577.    Each Defendant, individually, who knowingly joined this conspiracy, even at a later date, took the conspiracy as he/she/it finds it and is liable for all acts previously or subsequently done in pursuance of this conspiracy.

578.    Defendants, including The Transporter Defendants, as members of a civil conspiracy, are liable for all acts and/or omissions of any co-conspirator done in pursuance of the conspiracy.

579.    As a direct and proximate result of this conspiracy, minor Plaintiff P.N. suffered severe bodily harm and emotional distress.

580.    As a direct and proximate result of this conspiracy and the acts of The Transporter Defendants done in furtherance of this conspiracy, minor Plaintiff P.N. was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore,

lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor Plaintiff P.N., has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

581.    As a further direct and proximate result of this conspiracy and the acts of The Transporter Defendants done in furtherance of this conspiracy, minor Plaintiff P.N. has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

582.    As a direct and proximate result of this conspiracy and the acts of The Transporter Defendants done in furtherance of this conspiracy, Plaintiff P.N. has had to incur medical expenses for his care. These expenses occurred in the past and are expected to occur in the future.

583.    As a further direct and proximate result of this conspiracy and the acts of The Transporter Defendants done in furtherance of this conspiracy, minor Plaintiff P.N. has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff P.N. demands judgment  against Defendant United Secure Youth Transport Agency, LLC, in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

<u>**COUNT XXIX**</u>
**CONDUCT IN VIOLATION OF THE TRAFFICKING VICTIM PROTECTION REAUTHORIZATION ACT, 18 U.S.C. § 1589(a)**
***Plaintiff v. The Atlantis Defendants***
***Perpetrator Liability***

126

584.     Forced labor is defined by the TVPRA under 22 U.S.C. § 7102, as "the recruitment, harboring, transportation, provision, or obtaining of a person for labor or services, through the use of force, fraud, or coercion for the purpose of subjection to involuntary servitude, peonage, debt bondage, or slavery."

585.     Pursuant to 18 U.S.C. §1589, all who knowingly obtain labor or services through force, threats of force, fraud, and coercion are guilty of severe forms of trafficking in persons and forced labor. This includes, at a minimum, *both* the "traffickers" who recruit, harbor, transport, and provide individuals for forced labor *and* those who knowingly benefit, financially or by receiving anything of value, from participating in a venture which has engaged in the providing or obtaining of labor or services though force, threats of force, fraud and coercion, knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor services by any of such means.

586.     The Atlantis Defendants knowingly provided or obtained the labor and services of minor children, including P.N., in violation of 18 U.S.C. § 1589.

587.     Pursuant to 22 U.S.C. §7102, anyone who has been subject to the recruitment, harboring, transportation, provision, or obtaining of their labor or services through the use of force, fraud, or coercion is a victim of forced labor and trafficking.

588.     The Atlantis Defendants used ALA and its brand, to recruit, solicit, and coerce minor children into forced labor and involuntary servitude.

589.     After enrolling at and being transported to ALA based on the misrepresentations of the Defendants, minor Plaintiff P.N. was forced by ALA staff to engage in manual labor, including but not limited to acts of landscaping and cleaning, on a regular basis, against his will, through the use of force, fraud, and coercion and without receiving any compensation in return for said labor.

590.    Minor Plaintiff P.N. is a victim of trafficking within the meaning of 18 U.S.C. §1589(a) and is therefore entitled to bring a civil action under 18 U.S.C. §1595.

591.    The actions, omissions, and/or commissions alleged in this pleading were the but-for and proximate cause of Plaintiff P.N.'s injuries and damages.

592.    Minor, P.N., has suffered substantial physical and psychological injuries as a result of being trafficked and exploited by Defendants in violation of 18 U.S.C. §1589(a).

593.    As a direct and proximate result of these actions, minor Plaintiff P.N. suffered severe bodily harm and emotional distress.

594.    As a direct and proximate result of these actions, minor Plaintiff P.N. was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor Plaintiff P.N. has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

595.    As a further direct and proximate result of these actions, minor Plaintiff P.N. has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

596.    As a direct and proximate result of these actions, Plaintiff P.N. has had to incur medical expenses for his care. These expenses occurred in the past and are expected to occur in the future.

128

597.    As a further direct and proximate result of these actions, minor Plaintiff P.N. has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff P.N. demands judgment against Defendants Atlantis Leadership Academy, LLC, Randall Cook, and Lisa Cook in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, and all attorneys' fees available pursuant to statute, available exclusive of pre-judgment interest, post-judgment interests and costs.

<u>**COUNT XXX**</u>
**CONDUCT IN VIOLATION OF THE TRAFFICKING VICTIM PROTECTION REAUTHORIZATION ACT, 18 U.S.C. §§ 1589(b), 1595**
*Plaintiff v. All Defendants*
*Beneficiary Liability*

598.    Forced labor is defined by the TVPRA under 22 U.S.C. § 7102, as "the recruitment, harboring, transportation, provision, or obtaining of a person for labor or services, through the use of force, fraud, or coercion for the purpose of subjection to involuntary servitude, peonage, debt bondage, or slavery."

599.    Under 18 U.S.C. §1589 liability arises for individuals and entities who: (1) knowingly benefitted financially or by receiving anything of value (2) from participation in a venture (3) it knew or should have known was engaged in the providing or obtaining of labor or services by force, threat, or coercion.

600.    All Defendants knowingly benefited financially from participation in this venture with Co-Defendants which engaged in providing or obtaining forced labor from minor children, including P.N.

601.    Defendants knowingly received something of value from participation in this venture with Co-Defendants which engaged in providing or obtaining forced labor from minor children, including P.N.

602.    Pursuant to 22 U.S.C. §7102, anyone who has been subject to the recruitment, harboring, transportation, provision, or obtaining of their labor or services through the use of force, fraud, or coercion is a victim of forced labor and trafficking.

603.    The acts of Defendants, outlined in the Factual Background section above, constitute a violation of 18 U.S.C. §1589(b).

604.    Specifically, Defendants had a statutory obligation not to participate in or benefit from a venture that it knew, or should have known, was engaged in violations of 18 U.S.C. §1589(a).

605.    At all relevant times, Defendants breached this duty by participating in, and facilitating, the transportation, harboring, and provision of minor Plaintiff P.N. for the purpose of labor by fraud and coercion by their acts, omissions, and commissions.

606.    Defendants knew, or were in reckless disregard of the fact, that it was Randall Cook, Lisa Cook, and Atlantis Leadership Academy's pattern and practice to use the channels and instrumentalities of interstate and foreign commerce, as well as Defendants' resources to entice or recruit minor boys into forced labor and involuntary servitude.

607.    Defendants knowingly benefited from, and received value for, their participation in their venture with each of the other Defendants, with knowledge, or in reckless disregard of the fact, Defendants utilized Atlantis Leadership Academy and its brand, to solicit and coerce Plaintiff into forced labor and involuntary servitude.

608.    Defendants financially benefitted as a result of these acts, omissions, and/or commissions by their participation in managing, promoting, recruiting, and profiting off the success of ALA.

609.    Defendants were each paid a financial benefit or received a financial gain by way of a kick back or bonus as a result of their participation in this venture.

610.    After enrolling at and being transported to ALA based on the misrepresentations of the Defendants, minor Plaintiff P.N. was forced by the Atlantis Defendants and the ALA staff to engage in manual labor, including but not limited to acts of landscaping and cleaning, on a regular basis, against his will, through the use of force, fraud, and coercion, and without receiving any compensation in return for said labor.

611.    Minor Plaintiff P.N. is a victim of trafficking within the meaning of 18 U.S.C. §1589(a) and is therefore entitled to bring a civil action under 18 U.S.C. §1595.

612.    Defendants' conduct was in, or affected, interstate and/or foreign commerce. Defendants knowingly benefited from participation in what they knew or should have known was a trafficking venture, in violation of 18 U.S.C. §§ 1589(a) and 1595(a).

613.    Defendants knowingly benefited from, and/or received something of value for their participation in the venture, in which Defendants knew, should have known, or were in reckless disregard of the fact that Plaintiff P.N. was engaged in human trafficking, labor trafficking, forced labor, and/or involuntary servitude.

614.    Defendants knowingly obtained financial gain through compensation, bonuses, kickbacks, and/or benefits from its participation in the venture it knew or should have known was engaging in human trafficking, labor trafficking, forced labor, and/or involuntary servitude.

615.    Defendant' employees and agents had actual knowledge or should have known that they were facilitating and participating in a scheme to profit from a venture involved in human trafficking, labor trafficking forced labor, and involuntary servitude.

616.    Defendant' conduct in violation of these statutes has caused Plaintiff P.N. serious harm including, without limitation, physical, psychological, financial, vocational, and reputational harm.

617.    Minor, P.N., has suffered substantial physical and psychological injuries as a result of being trafficked and exploited by Defendants in violation of 18 U.S.C. §1589(a).

618.    As a direct and proximate result of these actions, minor Plaintiff P.N. suffered severe bodily harm and emotional distress.

619.    As a direct and proximate result of these actions, minor Plaintiff P.N. was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor Plaintiff P.N. has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

620.    As a further direct and proximate result of these actions, minor Plaintiff P.N. has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

621.    As a direct and proximate result of these actions, Plaintiff P.N. has had to incur medical expenses for his care. These expenses occurred in the past and are expected to occur in the future.

622.    As a further direct and proximate result of these actions, minor Plaintiff P.N. has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff P.N. demands judgment  against Defendants Forest Trial Academy, LLC,, Atlantis Leadership Academy, LLC,  Randall Cook, Lisa Cook, Jodi Stewman, Randy Stewman, USYTA Youth Transport Service, LLC, Lisa Cook, Randall Cook, and Core Solutions, LLC, in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, and all attorneys' fees available pursuant to statute, available exclusive of pre-judgment interest, post-judgment interests and costs.

## COUNT XXXI
### CONDUCT IN VIOLATION OF THE TRAFFICKING VICTIM PROTECTION REAUTHORIZATION ACT, 18 U.S.C. § 2255
#### *Plaintiff v. Defendant Forest Trail*

623.    The conduct of Defendant Forest Trail Academy as described in the Factual Background section, and the TVPRA Counts above was unlawful under the common law and in violation of criminal statutes, including but not limited to 18 U.S.C. § 1589.

624.    Pursuant to 18 U.S.C. §1589, all who knowingly obtain labor or services through force, threats of force, fraud, and coercion are guilty of severe forms of trafficking in persons and forced labor. This includes, at a minimum, *both* the "traffickers" who recruit, harbor, transport, and provide individuals for forced labor *and* those who knowingly benefit, financially or by receiving anything of value, from participating in a venture which has engaged in the providing or

obtaining of labor or services though force, threats of force, fraud and coercion, knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor services by any of such means.

625.    Pursuant to 18 U.S.C. § 2255, any person who, while a minor, was a victim of conduct in violation of 18 U.S.C. § 1589 and suffers personal injury as a result of such a violation, regardless of whether the injury occurred while such person was a minor, has a private right of action for actual damages not less than $150,000, attorneys' fees and costs. The court may also award punitive damages.

626.    18 U.S.C. § 2255 imposes strict liability upon those meeting its prerequisites. Therefore, Defendant Forest Trail is responsible and liable under 18 U.S.C. § 2255.

627.    Defendant Forest Trail's conduct in violation of 18 U.S.C. § 1589 has caused minor Plaintiff P.N. serious harm including, without limitation, physical, psychological, financial, vocational, and reputational harm.

628.    As a direct and proximate result of these actions, minor Plaintiff P.N. suffered severe bodily harm and emotional distress.

629.    As a direct and proximate result of these actions, minor Plaintiff P.N. was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor Plaintiff P.N. has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

630.     As a further direct and proximate result of these actions, minor Plaintiff P.N. has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

631.     As a direct and proximate result of these actions, Plaintiff P.N. has had to incur medical expenses for his care. These expenses occurred in the past and are expected to occur in the future.

632.     As a further direct and proximate result of these actions, minor Plaintiff P.N. has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff P.N. demands judgment  against Defendant Forest Trail Academy, LLC, in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, and all attorneys' fees available pursuant to statute, available exclusive of pre-judgment interest, post-judgment interests and costs.


## COUNT XXXII
### CONDUCT IN VIOLATION OF THE TRAFFICKING VICTIM PROTECTION REAUTHORIZATION ACT, 18 U.S.C. § 2255
### *Plaintiff v. The Atlantis Defendants*

633.     The conduct of Defendants Atlantis Leadership Academy, Randall Cook, and Lisa Cook  as described in the Factual Background section, and the TVPRA Counts above was unlawful under the common law and in violation of criminal statutes, including but not limited to 18 U.S.C. § 1589.

634.     Pursuant to 18 U.S.C. §1589, all who knowingly obtain labor or services through force, threats of force, fraud, and coercion are guilty of severe forms of trafficking in persons and

forced labor. This includes, at a minimum, *both* the "traffickers" who recruit, harbor, transport, and provide individuals for forced labor *and* those who knowingly benefit, financially or by receiving anything of value, from participating in a venture which has engaged in the providing or obtaining of labor or services though force, threats of force, fraud and coercion, knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor services by any of such means.

635.    Pursuant to 18 U.S.C. § 2255, any person who, while a minor, was a victim of conduct in violation of 18 U.S.C. § 1589 and suffers personal injury as a result of such a violation, regardless of whether the injury occurred while such person was a minor, has a private right of action for actual damages not less than $150,000, attorneys' fees and costs. The court may also award punitive damages.

636.    18 U.S.C. § 2255 imposes strict liability upon those meeting its prerequisites. Therefore, the Atlantis Defendants are responsible and liable under 18 U.S.C. § 2255.

637.    The Atlantis Defendants' conduct in violation of 18 U.S.C. § 1589 has caused minor Plaintiff P.N. serious harm including, without limitation, physical, psychological, financial, vocational, and reputational harm.

638.    As a direct and proximate result of these actions, minor Plaintiff P.N. suffered severe bodily harm and emotional distress.

639.    As a direct and proximate result of these actions, minor Plaintiff P.N. was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor Plaintiff P.N. has in the past suffered and will in the future

suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

640.    As a further direct and proximate result of these actions, minor Plaintiff P.N. has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

641.    As a direct and proximate result of these actions, Plaintiff P.N. has had to incur medical expenses for his care. These expenses occurred in the past and are expected to occur in the future.

642.    As a further direct and proximate result of these actions, minor Plaintiff P.N. has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff P.N. demands judgment against Defendants Atlantis Leadership Academy, LLC, Randall Cook, and Lisa Cook in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, and all attorneys' fees available pursuant to statute, available exclusive of pre-judgment interest, post-judgment interests and costs.

### COUNT XXXIII
**CONDUCT IN VIOLATION OF THE TRAFFICKING VICTIM PROTECTION REAUTHORIZATION ACT, 18 U.S.C. § 2255**
***Plaintiff v. The Transporter Defendants***

643.    The conduct of The Transporter Defendants as described in the Factual Background section, and the TVPRA Counts above was unlawful under the common law and in violation of criminal statutes, including but not limited to 18 U.S.C. § 1589.

644.     Pursuant to 18 U.S.C. §1589, all who knowingly obtain labor or services through force, threats of force, fraud, and coercion are guilty of severe forms of trafficking in persons and forced labor. This includes, at a minimum, *both* the "traffickers" who recruit, harbor, transport, and provide individuals for forced labor *and* those who knowingly benefit, financially or by receiving anything of value, from participating in a venture which has engaged in the providing or obtaining of labor or services though force, threats of force, fraud and coercion, knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor services by any of such means.

645.     Pursuant to 18 U.S.C. § 2255, any person who, while a minor, was a victim of conduct in violation of 18 U.S.C. § 1589 and suffers personal injury as a result of such a violation, regardless of whether the injury occurred while such person was a minor, has a private right of action for actual damages not less than $150,000, attorneys' fees and costs. The court may also award punitive damages.

646.     18 U.S.C. § 2255 imposes strict liability upon those meeting its prerequisites. Therefore, The Transporter Defendants is responsible and liable under 18 U.S.C. § 2255.

647.     The Transporter Defendants' conduct in violation of 18 U.S.C. § 1589 has caused minor Plaintiff P.N. serious harm including, without limitation, physical, psychological, financial, vocational, and reputational harm.

648.     As a direct and proximate result of these actions, minor Plaintiff P.N. suffered severe bodily harm and emotional distress.

649.     As a direct and proximate result of these actions, minor Plaintiff P.N. was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid

thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor Plaintiff P.N. has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

650.    As a further direct and proximate result of these actions, minor Plaintiff P.N. has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

651.    As a direct and proximate result of these actions, Plaintiff P.N. has had to incur medical expenses for his care. These expenses occurred in the past and are expected to occur in the future.

652.    As a further direct and proximate result of these actions, minor Plaintiff P.N. has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff P.N. demands judgment against Defendants Jodi Stewman, Randy Stewman and United Secure Youth Transport Agency, LLC, in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, and all attorneys' fees available pursuant to statute, available exclusive of pre-judgment interest, post-judgment interests and costs.

## COUNT XXXIV
**CONDUCT IN VIOLATION OF THE TRAFFICKING VICTIM PROTECTION REAUTHORIZATION ACT, 18 U.S.C. § 2255**
***Plaintiff v. The Consultant Defendants***

653.    The conduct of Lisa Cook, Randall Cook, and Core Solutions, LLC as described in the Factual Background section, and the TVPRA Counts above, was unlawful under the common law and in violation of criminal statutes, including but not limited to 18 U.S.C. § 1589.

654.    Pursuant to 18 U.S.C. §1589, all who knowingly obtain labor or services through force, threats of force, fraud, and coercion are guilty of severe forms of trafficking in persons and forced labor. This includes, at a minimum, *both* the "traffickers" who recruit, harbor, transport, and provide individuals for forced labor *and* those who knowingly benefit, financially or by receiving anything of value, from participating in a venture which has engaged in the providing or obtaining of labor or services though force, threats of force, fraud and coercion, knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor services by any of such means.

655.    Pursuant to 18 U.S.C. § 2255, any person who, while a minor, was a victim of conduct in violation of 18 U.S.C. § 1589 and suffers personal injury as a result of such a violation, regardless of whether the injury occurred while such person was a minor, has a private right of action for actual damages not less than $150,000, attorneys' fees and costs. The court may also award punitive damages.

656.    18 U.S.C. § 2255 imposes strict liability upon those meeting its prerequisites. Therefore, the Consultant Defendants are responsible and liable under 18 U.S.C. § 2255.

657.    The Consultant Defendants' conduct in violation of 18 U.S.C. § 1589 has caused minor Plaintiff P.N. serious harm including, without limitation, physical, psychological, financial, vocational, and reputational harm.

658.    As a direct and proximate result of these actions, minor Plaintiff P.N. suffered severe bodily harm and emotional distress.

659.     As a direct and proximate result of these actions, minor Plaintiff P.N. was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor Plaintiff P.N. has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

660.     As a further direct and proximate result of these actions, minor Plaintiff P.N. has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

661.     As a direct and proximate result of these actions, Plaintiff P.N. has had to incur medical expenses for his care. These expenses occurred in the past and are expected to occur in the future.

662.     As a further direct and proximate result of these actions, minor Plaintiff P.N. has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff P.N. demands judgment against Defendants Lisa Cook, Randall Cook and Core Solutions, LLC, in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, and all attorneys' fees available pursuant to statute, available exclusive of pre-judgment interest, post-judgment interests and costs.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff demands a trial by jury of all issues triable as a right by jury.


**RESPECTFULLY** submitted this 1st day of November 2024.


                      **THE HAGGARD LAW FIRM, PA**
                      *Attorneys for Plaintiff*
                      633 South Andrews Ave, Suite 400
                      Fort Lauderdale FL 33301
                      Telephone: 954-323-4400
                      Facsimile:  305-446-1154

                      By: <u>*/s/ Kimberly Wald, Esq.*</u>
                      Kimberly L. Wald, Esq.
                      Florida Bar No. 112263
                      KLW@HaggardLawFirm.com